W. W. PRESSLEY, Appellee, v. L. E. STONE, Appellant.

No. 41003.

DECEMBER 17, 1931.

REHEARING DENIED APRIL 8, 1932.

E. S. Tesdell, for appellee.

Lehmann, Hurlburt & Hossfeld, for appellant.

EVANS, J.—The plaintiff maintained a real estate agency in the city of Des Moines, and became an agent for the defendant for the purpose of negotiating an exchange of certain real property owned by the defendant. Pursuant to his employment, a written contract of exchange was entered into between the defendant, on the one hand, and one Brookers, on the other. In this transaction, the plaintiff, with the knowledge and consent of the parties, assumed to act for both of them and charged one commission for his services. The amount of his commission, $300.00, was stated by him to each party without objection by either; and this was done pending the negotiations. The defendant was the equitable owner of the property sought to be conveyed by him, but he had no record title thereof. He neglected at all times to perfect his title and no performance of the written contract has ever been had.

I. The defendant complains of error. His first complaint is that the trial court erred in admitting evidence of the reasonable value of the services. His argument in support of this contention is that the petition pleaded an express contract, and this alone; that therefore evidence of *quantum meruit* was inadmissible. The record does not sustain the argument. The plaintiff pleaded in one count, slovenly enough, that the reasonable value of his services was $300.00 and that the defendant had agreed to pay the same. This joinder of allegations was undoubtedly vulnerable to motion, but none was interposed. It did predicate the right of recovery both upon *quantum meruit* and upon agreement to pay. He was therefore entitled to introduce evidence in support of each allegation. Whether the court found upon the ground of an express contract for the amount claimed, or on the ground of reasonable value, is not indicated in the record. It is quite immaterial here. The evidence of express contract was only faintly and indirectly denied; and the evidence of reasonable value was not denied at all. The evidence in support of each ground supported the amount of plaintiff's claim. There was no error at this point.

II. At the close of plaintiff's evidence, the defendant

moved for a directed verdict on various specified grounds, the substance of which was that the plaintiff had failed to prove any case. This motion was overruled, and error is assigned upon the ruling.

The ruling was correct if for no other reason than that there was no jury to be directed in the case. The court did in fact decide the case presumably upon its merits after the defendant had introduced his evidence and rested. The plaintiff's case was quite as strong at the close of plaintiff's evidence as it was at the close of defendant's evidence. If the trial court was right in its final ruling on the merits of the case, it became quite immaterial whether the court was right in its first ruling or not. True the appellant assigns error upon the final finding of the court. This assignment is clearly without merit. No question of law is thereby raised by the appellant, either in the assignment or in his argument thereon. The question of fact was for the court as the trier of fact, and its finding was supported by the evidence.

III. After judgment the defendant filed a motion for new trial, which was overruled by the court. Error is assigned upon this ruling. The effect of the motion was only to raise for the second time the same questions already considered, as herein set forth. No new contention was presented in the motion for new trial.

We find no error in the record and the judgment below is—Affirmed.

FAVILLE, C. J., and MORLING, KINDIG, and GRIMM, JJ., concur.