IRMA ABBATE *vs.* SERVICE BUS LINES, INC. SAME *vs.* HARRY S. MACCARO. November 2, 1948. These are two actions of tort for personal injuries and damage to an automobile caused by a collision between an automobile of the defendant Service Bus Lines, Inc., operated by the defendant Henry S. Maccaro, an employee of the first named defendant, acting within the scope of his employment, and an automobile owned by the plaintiff and operated by one Philip Aisi. There was evidence of the negligence of both operators. The only question to be decided is whether the plaintiff in each action who was riding in the back seat of her automobile at the time of the collision had relinquished control of the automobile to Aisi so that his negligence could not be imputed to her. The entire evidence on this issue as stated in the plaintiff's consolidated bill of exceptions is as follows: "On the evening of September 1, 1944, the plaintiff together with Philip Aisi and her sister went to visit the home of the plaintiff's brother in Everett. After spending several hours there, shortly before midnight they departed. The plaintiff and Aisi entered a Ford sedan owned by the plaintiff. Philip Aisi got behind the wheel of the automobile. The plaintiff's sister sat in the front seat with the driver, Aisi . . . . There was some conversation between the parties and the testimony of the plaintiff was that Aisi was to drive the automobile to Main Street, Everett, where he was to board a bus to take him to his home in Saugus, and that thereafter the plaintiff was to drive herself and her sister to their home. The automobile in which the plaintiff was riding proceeded down Central Avenue in Everett where a collision took place. . . . As the automobile was being driven by Philip Aisi, the plaintiff did not direct the driver in any way as to how he should drive or where he should go." After a verdict for the plaintiff in each case the judge in the Superior Court entered verdicts for the defendants under leave reserved. There was no error. From these facts it could not properly be found that the plaintiff had surrendered control of her automobile to Aisi. The case is governed by *Mendolia v. White*, 313 Mass. 318.

*A. L. Brown,* for the plaintiff.
*S. P. Sears,* (*J. L. Lyman* with him,) for the defendants.