MILDRED E. SMITH, appellee, v. LYLE K. HOUGH, appellant.

No. 49865.

(Reported in 100 N.W.2d 906)

FEBRUARY 9, 1960.

Life & Davis, of Oskaloosa, for appellant.

Herbert Rosenberg, of Des Moines, for appellee.

HAYS, J.—This is a law action tried to the court without a jury. As originally pleaded, plaintiff sought judgment for $3000 based upon a promissory note. After the trial had commenced and plaintiff had offered considerable evidence, the court granted plaintiff the right to recast her pleadings. Under an amended and substituted petition, plaintiff in Count I asked judgment on a $2500 promissory note, and by Count II asked judgment for $500 for money loaned to defendant on open account. As to Count I defendant pleaded payment and a material alteration of the note; as to Count II defendant pleaded a general denial. The trial court entered judgment for plaintiff on Count I and denied relief on Count II. Defendant appeals.

Plaintiff is a resident of Polk County and the defendant of Mahaska County. Defendant admits that in December 1955 the plaintiff loaned him $2500 for which he gave her his promissory note due April 1, 1956, at 6% interest and payable in Des Moines. Plaintiff further claims that in September 1956 she loaned defendant an additional $500 which claim is denied by

defendant. The note upon which Count I is based is a promissory note for $2500 payable to plaintiff and signed by the defendant. Appearing just above the signature of defendant on the note appears the following: "Five Hundred Dollars added plus interest from September 30, 1956." It might here be stated that the note upon which the suit is based is conceded not to be the original, which has been misplaced, but is a copy thereof, at least so contended by plaintiff. However, we do not deem this to be material to the case.

Before the pleadings were recast, the plaintiff testified in her own behalf. Regarding the addition to the note she said:

"I am claiming in this suit that a note was given me during the year 1955 in the sum of $2500 payable to me on or about April 1, 1956 and signed by Lyle K. Hough. It is further my claim that I myself thereafter altered that note. The alteration on the note made by me was the writing upon that note of the words 'Five Hundred Dollars added, plus interest from September 30, 1956.' It is further my testimony that after that change was made there was no resignature of Mr. Hough and I am now making my claim for $3000. I am not suing upon the original note in its original condition as given to me by Mr. Hough."

After the pleadings had been recast, plaintiff testified: "At this time I am not suing on a $3000 note. My position now is that I am suing on a claimed $2500 note and a $500 open account."

I. Appellant asserts the court erred in holding that there was no material alteration of the note.

Section 541.125, Code of 1958, provides: "Alteration of instrument—effect of. Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

Section 541.126, Code of 1958, provides: "What constitutes a material alteration. Any alteration which changes:

"1. The date.

"2. The sum payable, either for principal or interest.

"3. The time or place of payment.

"4. The number or the relations of the parties.

"5. The medium or currency in which payment is to be made.

"Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

There is no factual question as to what was done, when it was done or by whom it was done. It was done sometime after the note was signed and delivered by defendant to plaintiff and the words were added by plaintiff without the knowledge or consent of the defendant. Any person examining this note would assume it to be for the sum of $3000, and in fact that was the idea of the plaintiff at the time that the original petition was filed and the plaintiff first appeared as a witness. It clearly purports to be an alteration of the original agreement by making defendant liable for $3000 instead of the $2500 as originally agreed to by the parties. The fact that plaintiff was acting under the impression that she had a right to do what she did, in other words, there was no actual fraud involved, does not alter the situation. 2 Am. Jur., Alteration of Instruments, section 16; 3 C. J. S., Alteration of Instruments, sections 10 and 49. See Robinson v. Reed, 46 Iowa 219; Dille v. Longwell, 198 Iowa 540, 197 N.W. 439; Wentland v. Stewart, 236 Iowa 661, 19 N.W.2d 661, 161 A. L. R. 1206. See also Knapp v. Knapp, 251 Iowa 44, 99 N.W.2d 396, for a general discussion of the statutes in question. It was not a mere notation or memorandum as claimed by plaintiff but a material alteration under the statutes in question.

By recasting of the petition, plaintiff seeks to recover upon the note according to its original tenor. This she may not do, for a note once voided by alteration is under our statute, section 541.125, supra, voided for all purposes, except perhaps as evidence in an action for money had and received, unless the holder thereof be an innocent holder in due course. 10 C. J. S., Bills and Notes, section 486a, citing Shiffer v. Mosier, 225 Pa. 552, 74 A. 426, 24 L. R. A., N. S., 1155, 17 Ann. Cas. 756; 2 Am. Jur., Alteration of Instruments, section 36.

■ While this is a law action tried to the court and in such cases its findings of fact are as a jury verdict and conclusive on this court if there is substantial proof to sustain it, the question is not one of fact but of law, there being no factual dispute and we are not bound thereby. We hold the trial court was in error in not holding the note avoided.

Two other alleged errors are asserted by appellant, but in view of our holding under Division I hereof they become moot and we do not comment thereon.—Reversed.

All JUSTICES concur.