KEITH PHILLIPS, appellee, v. JOHN FOSTER, appellant.

No. 50291.

(Reported in 109 N.W.2d 604)

June 13, 1961.

Edwin A. Getscher, of Hamburg, for appellant.

Edward E. Eaton, of Sidney, for appellee.

SNELL, J.—This is an action at law for damages resulting from a collision of motor vehicles at a street intersection in Hamburg. The case was tried to the court without a jury. As the record amply supports the factual conclusions of the trial court, only a brief review of the evidence is necessary.

Plaintiff was the owner of a Chevrolet automobile. At the time of the collision the car was being driven by a friend, Larry Cooper. In the front seat with Larry were two people, a girl in the center and a young man on the right side. The plaintiff-owner was riding on the right side of the rear seat with a girl in the center and a young man on the left side. They were driving south on Main Street in a 25 mile per hour speed zone. Plaintiff, his driver and one passenger estimated the car's speed at 20 to 25 miles per hour, but a disinterested eyewitness estimated the speed to be 40 to 45 miles per hour. The street was slippery because of packed snow and ice.

Main Street is intersected by North Street. Stop signs on North Street require traffic to stop. Defendant, driving his own car on North Street, approached the intersection from the west and stopped. At that time plaintiff's car was some distance north of the intersection.

After stopping, defendant started forward into the intersection and turned north into Main Street.

Plaintiff, from the rear seat where he was riding, saw the situation develop and said to his driver, "Look out!" The driver was unable to stop and plaintiff's car slid into defendant's car, which was also sliding. Both cars were damaged.

Immediately after the collision plaintiff told his driver to move the car off the street so cars could pass, and the driver did so.

The trial court found as a matter of fact that defendant was negligent, and that such negligence was a proximate cause of the collision.

I. The trial court also found that Larry Cooper, the driver of plaintiff's car, was negligent in failing to have his car under control when he knew, or should have known, the icy condition of the surface of the highway, and in driving at such a speed that he could not stop within the assured clear

distance ahead, and that such negligence was a proximate cause of the collision. There was sufficient evidence before the court to justify such findings and this case being at law, the findings are binding on us. Smith v. Hough, 251 Iowa 435, 100 N.W.2d 906; Pressley v. Stone, 214 Iowa 449, 239 N.W. 567.

II. After this finding of fact the trial court then said: "* * * ever since the pronouncement of the Supreme Court of Iowa in the case of Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212, the rule in connection with contributory negligence has been that the negligence of a driver operating a car with the consent of the owner is not imputed to the owner."

The trial court rendered judgment for the plaintiff.

It must be conceded that the trial court was following a general understanding of the import of Stuart v. Pilgrim. In view of the apparent extension of the rule announced in Stuart v. Pilgrim, we deem it advisable to state the limitations of that case and review what was said and what was actually involved.

III. The Pilgrim case does not require such a broad application of what should be a narrow rule. Stuart v. Pilgrim was a case of strict statutory construction. It was not a declaration of any broad comprehensive rule giving an owner a right of recovery regardless of the contributory negligence of his consent driver.

IV. Section 321.493 of the Code, commonly called the consent statute, has been a part of our statutory law for over 40 years. It provides: "In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage." The sole and only question necessary for decision in the Pilgrim case was whether, *because of this statute,* contributory negligence of the driver was imputed to the owner so as to bar as a matter of law the owner's right to recover against the owner or driver of another car involved. The case held that this consent statute did not, *in its own words,* impute the driver's contributory negligence to the owner. Any inferences arising from the Pilgrim case beyond this narrow holding are not supported by the record

therein. On page 713 (Volume 247) of the Iowa Reports it is said: "In fact, it is not argued by the defendant-appellee here that the owner's presence in the car constituted a legal reason for imputing the driver's negligence to her, in the absence of any facts showing she exercised any control over the manner of driving * * *."

V. To paraphrase from the Pilgrim case, we have concluded that more mischief will be done by closing our eyes to. the results that follow the Pilgrim case than by discussing in some detail the limitations thereof.

The Pilgrim case on page 716 of the Iowa Reports says: "It is neither necessary nor wise to go beyond the language of the statute itself to determine its meaning, when its wording is clear." The Pilgrim case strictly limited the application of the consent statute. We now find that a misconception exists as to the limits of the Pilgrim case. "The law should be progressive; it should advance with changing conditions." It should also correct trends proceeding from an unstable premise and leading to unsound results.

The Pilgrim case quotes 5 Am. Jur., Automobiles, section 354, as follows: "The mere presence of the owner in an automobile while it is being driven in a negligent manner by another *does not necessarily* make him liable for an injury caused thereby if he would not otherwise have been liable." (Emphasis added.)

Also quoted is 5 Am. Jur., Automobiles, section 496, as follows: "The owner's presence in his car at the time an injury occurs while it is being operated by another *will not of itself* preclude his right to recover for injury or damage." (Emphasis added.)

On page 715 of Iowa Reports it is said: "The language of the statute clearly goes no further than to place liability for actionable negligence of the driver upon the owner. The question before us is one of statutory construction. The statute says this, and this only: that when damage is done by any car by reason of the negligence of a consent driver, 'the owner of the car shall be liable for such damage.' It applies only when damage has been done by the car, and only to such damage."

The Pilgrim case discards the theory that there is any principal and agent relationship *necessarily resulting* from consent operation.

The Pilgrim case notes that there was absence of any facts showing control over the manner of driving or that there was a showing of any factual relationship of principal and agent, master and servant, employer and employee, partnership or joint venture. The question of the existence of a presumption or of burden of proof or of going forward with the evidence on the issue of the owner's right to control the operation of his car by one driving with his consent was neither considered nor decided in Stuart v. Pilgrim, supra.

With this limited construction placed upon the Pilgrim case, we must say what, if any, presumptions exist, what are the essentials for recovery and where is the burden of proof when an owner seeks to recover in the face of contributory negligence on the part of his consent driver.

▪ VI. The question as to whether or not the negligence of a consent driver is imputed to the owner has been involved in many cases in many jurisdictions and has been exhaustively treated by text writers, but many of the cases arise in jurisdictions where there is no consent statute such as ours. In analyzing the authorities it must be kept in mind that under our consent statute an owner is liable for the actionable damage done by his car. The statute, however, under the construction of Stuart v. Pilgrim, goes that far and no further. · In the absence of a statute imputing contributory negligence of a consent driver to the owner, we have a factual problem to be determined from the evidence by the trier of the facts.

▪ VII. The true test in determining whether or not contributory negligence is imputed to an owner is the right to control and whether or not control has been surrendered.

An annotation, 50 A. L. R.2d 1286, says: "The cases show that the right to control is the test in determining whether the owner of a motor vehicle who rides therein while it is being driven by one who is not a member of his family, or a relative, stands in such a relationship to the driver as to be chargeable with his contributory negligence. Control, or the right to con-

trol, is an incident of ownership, and is deemed to be and continue in the owner of a motor vehicle in which he rides when it is being driven by another, in the absence of evidence tending to show that it has been transferred to the driver * * *." The same annotation on page 1283 says: "Aside from statutory liability and [special doctrines], liability of the owner of a motor vehicle for the conduct of another who drives it may ordinarily be established only under the rules of respondeat superior, by proof, or its equivalent in inference or presumption in a proper case, that he has the right to control the driver."

It should be kept in mind that cases decided solely under the family purpose doctrine and liability under the joint enterprise doctrine are not affected by Stuart v. Pilgrim.

In Christensen v. Hennepin Transp. Co., Inc., 215 Minn. 394, 10 N.W.2d 406, 407, 147 A. L. R. 945, it is held that apart from statute, imputation of third party's negligence to a plaintiff is based on plaintiff's right to control the conduct of the party claimed to be negligent, and right of control depends on relationship between the parties. It is also held in the same case that ownership of an automobile in which owner is riding, but which is driven by another, does not establish as a matter of law right of control in the owner so that driver's negligence is imputable to the owner. The same case states what appears to be a universal rule that the negligence of a bailee in operating an automobile is not imputable to the bailor.

In Sherman v. Korff, 353 Mich. 387, 91 N.W.2d 485, 489, it is said ownership of an automobile in which the owner is riding, but which is being driven by another, does not establish as a matter of law right of control in the owner. Right of control may be surrendered, as it often is, where the owner parts with the possession of his car to another. In that situation the parties stand in the relationship of bailor and bailee. The negligence of a bailee in operating an automobile is not imputable to the bailor. See also Sowada v. Motzko, 256 Minn. 395, 98 N.W.2d 182.

In 65 C. J. S., Negligence, section 168, on page 807, it is said: "* * * it is generally held, in the absence of statutory

provisions to the contrary, that contributory negligence of the driver will not be imputed to the owner of the vehicle who was not present at the time of the accident, was not concerned with the driver's mission, and was exercising no control over the use and operation of the vehicle."

An annotation in 50 A. L. R.2d 1298 says: "Upon the principle that there is a presumption, in the absence of evidence to the contrary, that an owner who is present in his automobile while it is being operated by another has the power to control it, it was held in Beam v. Pittsburgh R. Co. (1951) 366 Pa. 360, 77 A.2d 634, cert den 341 U. S. 936, 95 L. Ed. 1364, 71 S. Ct. 851, that the owner of an automobile who permits a friend to drive it should be taken to have the right to control the manner of its operation, as well as at any time to terminate the permission given and operate the car himself, so that the contributory negligence of the driver is imputable to the owner in an action against a third person by the owner or his representatives. To the same effect is Santore v. Reading Co. (1951) 170 Pa. Super. 57, 84 A.2d 375."

The same annotation on page 1299 says: "The mere fact that the owner of an automobile permits it to be driven by a friend and sits in the back seat without attempting to direct the driver as to the manner of driving or destination, in the first segment of a trip to take the occupants to their respective homes, is insufficient to establish relinquishment of his right to control so as to free him from the consequences of the driver's negligent operation in an action against a third party for alleged negligently inflicted injuries and damages. Abbate v. Service Bus Lines, Inc. (1948) 323 Mass. 754, 82 N.E.2d 797."

The same annotation on page 1296 says: "In Myles v. Philadelphia Transp. Co. (1951, CA 3d Pa.) 189 F.2d 1014 (applying Pennsylvania law), where it appeared that an automobile owner and his wife had been at the seaside several hours, and on the return home, after he had driven about 2½ hours, he turned the car over to his wife to drive while he slept or rested, the court held in an action against a third person for alleged negligent injuries that it was error to instruct the jury that as a matter of law the contributory negligence of the wife could not

prevent the husband from recovering damages for his injuries. The court said at the same time that the law of Pennsylvania did not require an instruction that under the circumstances the wife's negligence was imputable to her husband as a matter of law, and that the question of relinquishment of control of the vehicle should be submitted to the jury under proper instructions. The court also said that the husband, as owner, was presumptively in control, although in the present case the evidence was sufficient to present a question submissible to a jury as to whether the owner, by word or action, had expressly or impliedly transferred his right of control to the wife, as driver, under all the circumstances present."

VIII. It is obvious that control, coupled with negligence and proximate cause, creates responsibility. The right to control is an ordinary incident to ownership, and where there is a right to control the burden of showing that there was no control should be placed upon the one who claims to have surrendered his right.

Where control has been surrendered, contributory negligence cannot be imputed to the owner in the absence of one of the special situations referred to in Stuart v. Pilgrim. An example of where control has clearly been surrendered would be where the owner was not present in the car.

Where the owner is present in the car he is presumed to have the right to control, and the burden of proof is upon him to prove that he did not actually have control. Practical necessity requires that a plaintiff-owner who seeks to avoid an incident of ownership should establish his lack of control. To require a defendant to establish actual control would create an almost impossible evidentiary requirement. To require one who seeks to recover in spite of his driver's contributory negligence to establish that there was in fact no control merely places the burden of establishing a factual requirement where it should be.

It is our conclusion that where the owner is present in the car his right of control is presumed, and the burden is upon him to show that it has been surrendered or, because of the factual situation, could not be exercised.

IX. This, of course, leads us to the problems arising from

varying factual situations. Some factual situations lead to an obvious answer and some are definitely questions of fact. That is why we have juries.

We have previously commented that not only the right to control but the actual control has clearly been surrendered where the owner was not present.

The next problem arises where the owner is present and conscious of the manner in which the car is driven. Even in such situations common experience indicates the answer to certain situations. Unless the owner is acting under special conditions, such as a driving instructor, he can hardly control the immediate operation of the car relative to starting, stopping, steering, or skidding, such as we have in the case at bar.

The question of speed at which the car is operated is entirely different. While an owner may not be able to anticipate or prevent a sudden acceleration beyond the speed limit, it is clearly unsound to say that an owner, riding in the car, has nothing to say as to its speed.

In the case at bar the plaintiff's car was being operated on a street covered with packed snow and ice and obviously slippery. There was evidence that the car was traveling faster than permitted by the speed limit. The trial court found that the driver failed to have his car under control and he knew, or should have known, the icy condition of the surface of the highway and was also negligent in driving at such a speed that he could not stop within the assured clear distance ahead. There was no showing that the owner of the car, to whom these conditions must have been as obvious as to all others, did anything until the collision was imminent. It is not sound to say as a matter of law that an owner, riding in a car, may sit idly by in the face of obvious statutory violation of the law of the road and then recover on the basis of his own silence concerning the contributory negligence of his own driver.

X. Proof of freedom from contributory negligence is one of the essentials to plaintiff's recovery. If his driver's contributory negligence occurs under such factual circumstances as to be imputed to the owner, he has not established this essential proposition.

In the case at bar there is some evidence of retained control by plaintiff. There is no evidence of surrender of control.

■ The burden was on plaintiff to show that he had surrendered the right to control. This was a question of fact to be determined. Apparently this was considered unimportant in the trial court. No motions at the close of the evidence were made. In the trial court the only relief asked by defendant based on a misapprehension of the law was for a new trial. That is all he is entitled to here.

■ Where a result follows a misapprehension of the law, it is as though an erroneous instruction had been given to a jury. In re Estate of Lundvall, 242 Iowa 430, on 435, 46 N.W.2d 535; Ruble v. Carr, 244 Iowa 990, on 999, 59 N.W.2d 228.

Appellee's printing cost is more than is provided by our rules. Only $18 should be taxed as costs incident thereto.

The case is reversed and remanded for retrial.—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who dissents.

PETERSON, J.—I respectfully dissent. The trial court had a right to place its decision as to contributory negligence, in the instant case, squarely on our decision in Stuart v. Pilgrim, supra. The facts are almost identical. Mrs. Stuart, owner of the car, was riding in the car with her husband, the driver. In the case at bar Mr. Phillips, owner of the car, was riding in the car with the driver, Larry Cooper.

In the trial of the case for damages by Mrs. Stuart against Mrs. Pilgrim, driver of the other car, it is quite evident that Mr. Stuart, the driver of Mrs. Stuart's car, was guilty of contributory negligence. That is what prompted the appeal, and led to reversal. In the instant case the trial court held Cooper, the driver of the Phillips car, was guilty of contributory negligence. We held in the Stuart case the contributory negligence of Mr. Stuart was not imputed to Mrs. Stuart. In other words, section 321.493, the consent statute, did not apply under such conditions. In the Phillips case the trial court so held, under the precedent of Stuart v. Pilgrim.

In Stuart v. Pilgrim the decision is clear and direct. The driver was guilty of contributory negligence; it was not imputed to the owner, a passenger in the car. In the case at bar the court followed this precedent.

The majority has now emphasized another element. Was the owner in control of the car, although the car was driven by someone else?

If this is now to be considered in all cases similar to Stuart v. Pilgrim, it is certainly a question of fact to be submitted to the jury. It is not purely a question of law to be decided by the court. Yet the majority opinion argues the question, pro and con, and decides this fact question as a question of law.

In the case at bar the trial court submitted the question to itself, as trier of the facts. The court had all the facts before it, including any facts about control, and decided in favor of plaintiff. We are bound by this finding of the trial court.

I approve the discussion of this phase of the case in the majority opinion as pertinent and valuable. Maybe the question of control should be submitted to the jury when Stuart v. Pilgrim cases arise. That does not mean this case should be reversed. These rules and principles can be enunciated, and, the instant case affirmed.

I could cite many cases from other jurisdictions supporting Stuart v. Pilgrim, but they would not answer the error of the majority as to the specific case at bar.

I would affirm.