**CITY OF BURLINGTON, Appellee,**

v.

**CITIZENS TO PROTECT OUR FREE-DOMS, Appellant.**

No. 56152.

Supreme Court of Iowa.

Jan. 16, 1974.

Millen & Wittkamp, Burlington, for appellant.

Charles O. Garretson, Burlington City Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

The City of Burlington brought this declaratory judgment action to secure a determination whether certain provisions of chapter 1088, Second Regular Session of the 64th General Assembly (1972), prohibited an election to change the city form of government. See rules 261 through 269, Rules of Civil Procedure governing declaratory judgment actions.

By an election held September 22, 1967 Burlington elected to change its then existing form of government to a council-manager form, effective January 1, 1968.

January 26, 1972, the legislature adopted chapter 1088, entitled "Home Rule for Cities." This legislation effected a wholesale revision of Title XV, The Code, designated "City and Town Government" and encompassing chapters 362 through 420. For an overview of the home rule bill see Scheidler, Implementation of Constitutional Home Rule in Iowa, 22 Drake L. Rev. 294, 310 (1973).

Chapter 1088 appears in the volume containing the Acts of the Second Regular Session of the 64th General Assembly (1972). It does not appear in The Code, 1973, for reasons given in the Editors' Note on page 1629 of that Code. All references to statutes made in this opinion are to sections in chapter 1088 unless otherwise indicated.

Section 9 provides that sections 1 through 198 "take effect" on July 1, 1972. However, section 9 further states a city is not subject to the provisions of those sections prior to July 1, 1974 unless the council by resolution elects to act under and be subject to one or more of the provisions. The Burlington city council passed such a resolution, electing to be governed by certain divisions of chapter 1088 including "Division IV. Organization of City Government[.] Part 1. Forms of Government." Among the sections contained in Part 1 are sections 47 and 48.

Section 47 designates the forms of government (including the council-manager form) and further states:

"A city retains its form of government until it adopts a different form as provided in this part.

"Upon the effective date of this Act, a city shall adopt by ordinance a charter embodying its existing form of government, which must be one of the forms provided in this part, and shall file a

copy of its charter with the secretary of state * * * *"

September 11, 1972, the council adopted such a charter. The charter embodied the existing council-manager form of government which Burlington had instituted January 1, 1968.

Section 48 provides, "A city may adopt a different form of government not oftener than once in a six-year period." It then specifies the manner in which a "different form" must be adopted, including the petition and special city election.

September 26, 1972, an organization, Citizens to Protect Our Freedoms petitioned the mayor to call an election to change the form of city government. See section 48(1). The City of Burlington filed this action to determine whether it could call an election before January 1, 1974, when its present form of government would have been in existence the required six years.

Trial court filed its findings, conclusions of law, and order, holding the six-year period commenced September 11, 1972. Its conclusions of law include the following:

"That the commencement of such six year period began for the City of Burlington, Iowa, on September 11, 1972, the date said City elected to act under and be subject to the provisions of Divisions I, II, IV, and Parts 1 and 2 of Division VII of Chapter 1088, * * * and the date that said City adopted the Council-Manager-At-Large form of government."

The appellant organization, Citizens to Protect Our Freedoms, contends trial court erred in not ruling the six-year limitation commenced September 22, 1967, the date of election at which the council-manager government was adopted.

■ I The facts in this litigation are not in dispute. In review of the law issue, we are not bound by trial court's ruling. See rule 267, R.C.P.; Frantz v. Knights of Columbus, 205 N.W.2d 705 (Iowa 1973); Smith v. Hough, 251 Iowa 435, 100 N.W.

2d 906 (1960); 5 Am.Jur.2d, Appeal and Error § 830, p. 272.

II. We cannot agree with trial court that the adoption of a charter which was required under section 47 to embody "its existing form of government" triggered a new six-year period during which a different form of government could not be adopted.

In the first place, such a holding freezes Burlington's form of government for a period of more than ten years, thus grossly violating the legislative intent manifest in section 48 and its predecessor, § 363.35, The Code, requiring only six-year limitations on change.

■ Second, section 48 only restricts a city from adopting a *different* form of government during a six-year period. Adopting a charter embodying the *present* form of government cannot be equated to adopting a change in form of government. Section 48 requires (as did its predecessor, §§ 363.31 through 363.34, The Code) a special election in order to change the form of city government. No city council by ordinance alone may create a new form of government.

■ We find nothing in this legislation to support the conclusion that adopting the ordinance created a new "effective" date for the existing form of government.

At the time of the September 22, 1967 special election, § 363.35, The Code, 1966, provided:

"No municipal corporation shall change its form of government, unless said form of government has *been in effect* at least six years." (Emphasis added.)

Section 48 merely states "A city may *adopt* a different form of government not oftener than once in a six-year period." (Emphasis added.) Pursuant to section 9 and Burlington's resolution, the latter provision now controls. It seems apparent from

both § 363.32, The Code, 1966 and section 48 that a form of government is *adopted* upon the approval of a majority of the voters at the special election. This interpretation is buttressed by the language of section 55(4), "If a proposed home rule charter is adopted by the voters, no other form of government may be submitted to the voters for six years." We hold the Burlington council-manager form of government was adopted on September 22, 1967.

Six years had expired from the adoption of the council-manager form of government in Burlington when the mayor was petitioned pursuant to section 48(1). He should be directed to call the special election forthwith despite the time which has now elapsed following the petition. That delay was through no fault of the petitioners, even though Burlington could logically contend the applicable law was obscure.

This case is reversed and remanded for judgment in conformance herewith.

Reversed and remanded.