**Helen Margaret CRAFT, individually and as next friend of James Troy Craft, and United Fire and Casualty Company, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 84–65–W.

United States District Court, S.D. Iowa, W.D.

July 9, 1987.

---

Peter J. Peters, Council Bluffs, Iowa, for plaintiffs.

Robert C. Dopf, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court following a bench trial on February 17, 1987. While the government elected to submit proposed Findings of Fact and Conclusions of Law, the plaintiffs declined to do so. After careful consideration of the testimony and evidence, the Court finds for the plaintiffs.

### FINDINGS OF FACT

Courtlyn Oviatt is a rural mail carrier for the Postal Service in Logan, Iowa. On Wednesday, October 12, 1983 at approximately 9:50 a.m., Mr. Oviatt was acting in his capacity as a rural carrier and was driving his privately owned 1980 Dodge south on a gravel road four miles east of Logan, Iowa. The usable portion of this gravel road is approximately sixteen (16) feet wide. Two tire tracks exist in the center of the road, as vehicles commonly travel in the road's center until meeting an oncoming vehicle. On October 12, 1983, three-quarters of a mile southeast of the Ed Logan farm, a mudwash from the drive of an abandoned farm covered the west side of the gravel road. The mud was eight (8) to ten (10) inches deep on the road's west side, which was the side traveled by Mr. Oviatt.

Mr. Oviatt was concerned that his vehicle would become stuck in the mudwash if he did not pull over to the left of the road's center and drive in the existing vehicle tracks. Ten yards past the mudwash, a northbound 1981 Chevrolet Silverado four-wheel drive pickup truck owned by plaintiff, Helen Craft, and driven by her son, Troy Craft, age sixteen (16), rounded a curve and approached Mr. Oviatt's vehicle in the other direction. Upon seeing Craft, Oviatt steered his car to the right and ultimately brought it to a stop. Mr. Craft drove to his right and, after passing Oviatt's vehicle, lost control of his own vehicle, which left the roadway, striking a metal culvert pipe and a fence. There was no physical contact between the vehicles. When Craft's vehicle rounded the curve, it was traveling approximately fifty to fifty-five miles per hour, which was within the legal speed limit for the gravel road. Mr. Oviatt was traveling at approximately twenty to thirty miles per hour.

As a result of the accident, Mr. Craft received minor injuries, and the vehicle he drove sustained extensive property damage. Helen Craft then brought suit individually and on behalf of her son Troy against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

### CONCLUSIONS OF LAW

Section 321.297(1) of the Iowa Code provides that the driver of a motor vehicle must operate the vehicle on the right half of all roadways of sufficient width. Failure to operate a vehicle on the right half of the road constitutes negligence per se. *Kisling v. Thierman*, 214 Iowa 911, 243 N.W. 552 (1932). However, there are four statutory exceptions which effectively waive the duty that one must operate his vehicle on the right half of the road:

a. When overtaking and passing another vehicle proceeding in the same di-

rection under the rules governing such movement.

b. When an obstruction exists making it necessary to drive to the left of the center of the roadway, provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute an immediate hazard.

c. Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon.

d. Upon a roadway restricted to one-way traffic.

Iowa Code § 321.297(1)(a)-(d). The Court finds that the mudwash constituted an obstruction within the meaning of § 321.297(1)(b). *Kearney v. Ahmann*, 264 N.W.2d 768 (Iowa 1978); *Silvia v. Pennock*, 253 Iowa 779, 113 N.W.2d 749, 754 (1962). The mudwash forced Mr. Oviatt to drive in the tire tracks to the left-hand side of the road. The Court further finds that due to the mudwash conditions, the roadway was restricted to one-way traffic within the meaning of § 321.297(1)(d). The Court's conclusion that the two aforementioned statutory exemptions existed renders the negligence per se rule inapplicable. *Bannon v. Pfiffner*, 333 N.W.2d 464 (Iowa 1983).

■ Having held that Mr. Oviatt cannot be held to a negligence per se standard, the Court now turns to the question of whether he was nevertheless negligent in his conduct. The Court finds that he was. While Mr. Oviatt was confronted by an obstruction in the road, the evidence demonstrates that he was still driving to the left-hand side of the road after he had already passed the mudwash by approximately ten yards. It was only then, after he saw Craft's vehicle approaching, that he ultimately pulled over to the righthand side. Mr. Oviatt was well aware that this road contained several blind curves with overhanging foliage and that the speed limit was fifty-five miles per hour. However, even with this knowledge, Mr. Oviatt still drove ten yards past the obstruction before

returning to the right side of the road. Troy Craft testified that Oviatt did not stop and kept traveling toward him. Craft further stated that because of this, he could not stay on the road.

■ The defendant objected to Exhibit 1, which was the accident report prepared by the investigating officer. The defendant contends that the report is hearsay and the officer who prepared the report was unavailable for cross-examination. The Court reserved ruling on Exhibit 1 and now sustains the defendant's objection on hearsay grounds.

■ The Court also finds that Mr. Craft was negligent. He was operating his vehicle at a speed that would not permit him to stop within the assured clear distance ahead, as required by Iowa Code § 321.285. Also, while it was not uncommon for individuals to traverse curves on the inside on rural county roads, it can be a risky practice, as exhibited by this case. It is apparent that the combination of speed and muddy road conditions, along with Mr. Oviatt's negligence, combined to cause Mr. Craft to lose control of his vehicle.

■ The Court must now assess the percentage of fault attributable to Mr. Craft and Mr. Oviatt, as provided by Iowa Code Chapter 668. The comparative fault statute applies as this case was filed after July 1, 1984. *Johnson v. Junkmann*, 395 N.W.2d 862 (Iowa 1986). Having considered all the evidence and testimony, the Court finds that Mr. Craft and Mr. Oviatt were each 50% at fault.

■ The next issue is whether Mr. Craft's fault is imputed to his mother, plaintiff Helen Craft, who owned the vehicle. She has prayed for $5,145.00 for damages to the vehicle. The government argues that her son's negligence is imputed to her. However, Iowa case law construing contributing negligence holds that the test of whether contributory negligence is imputed to a vehicle's owner is the right to control over the vehicle and whether that control has been surrendered. *Philips v. Foster*, 252 Iowa 1075, 109 N.W.2d 604, 607 (1961). Control is clearly surrendered where the owner is not present in the car.

*Id.* 109 N.W.2d at 608. Mrs. Craft was not present in the car and, therefore, under contributory negligence principles, her son's negligence is not imputed to her.

However, this case is governed by the comparative fault statute, not general principles of contributory negligence. Thus, the next question is whether application of the comparative fault statute changes the above-discussed result under contributory negligence.

It appears that the Supreme Court of Iowa has considered this question. *Telegraph Herald, Inc. v. McDowell*, 397 N.W.2d 518 (Iowa 1986), involves facts similar to the case at bar. Robert McDowell was operating a car owned by his father, James, when it struck a newspaper tube located on a Dubuque County right-of-way and owned by the Telegraph Herald, Inc. *Id.* at 519. In a combined action, James sued the Herald and the county for damages to his car, and Robert sued the same defendants for his personal injuries. *Id.* The jury found Robert 75% negligent, the Herald 15%, and Dubuque County 10%. James's car damage was determined to be $10,708, and Robert's personal injury damages were $50,000. The Court entered judgment against the defendants for James's car damages *in full* and for Robert's damages, less the percent attributed to his own negligence. The Iowa Supreme Court noted that as the comparative fault statute did not apply at the time of trial, pure comparative negligence applied under *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982).

Even though the court in *Telegraph Herald* did not apply the comparative fault statute, the case is nevertheless instructive. In *Telegraph*, the owner (James) was not charged with any percentage of negligence by the owner's consent driver (James's son Robert). The Court finds that the same result should occur in this case, regardless of whether the comparative fault statute applies. That statute requires the Court to allocate fault among all parties. As Mrs. Craft is a party plaintiff, it is arguable that she should be assessed a percentage of fault. However, as she was not in the car at the time of the accident, the only way this Court could allocate any percentage of fault to her would be if her son's fault is imputed to her. This Court has already noted that, as she had surrendered control of the vehicle, her son's fault could not be attributed to her. *See Philips, supra*, 109 N.W.2d at 607. The parties cited no case nor was the Court able to locate any which overrule *Philips*. Therefore, the Court finds that the 50% fault attributed to Troy Craft is not imputed to Helen Craft.

All that remains, therefore, is the amount of damages. Troy Craft incurred medical bills totaling $167.00. As the Court has allocated 50% of the fault to him, he is entitled to only one-half that amount, or $83.50. Mrs. Craft incurred damages to the vehicle totaling $5,145.00. As her son's percentage of fault is not imputed to her, the government is jointly and severally liable to her for the entire amount, as Mr. Oviatt was found to be 50% at fault.

IT IS THEREFORE ORDERED that the Court finds for the plaintiff, James Troy Craft, in the amount of $83.50, plus interest.

IT IS FURTHER ORDERED that the Court finds for the plaintiff, Helen Craft, in the amount of $5,145.00 plus interest.

IT IS FURTHER ORDERED that each party is to bear his own costs.