Brian FRANKLIN, Appellant,

v.

Darrell Eugene ANDREWS and Zeitner & Sons, Inc., Appellees.

No. 97–1801.

Supreme Court of Iowa.

June 3, 1999.

Jon H. Johnson of Johnson & Graeser, P.C., Sidney, for appellant.

G. William Smits of Gross & Welch, P.C., Council Bluffs, for appellees.

Considerd by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Brian Franklin was injured when a trailer being towed by the car in which he was a passenger was struck from behind by a semitruck owned by defendant Zeitner & Sons, Inc. and driven by defendant Darrell Andrews. The plaintiff sued the defendants, alleging failure of control and failure to maintain a proper lookout.[1] The jury assessed eighty-five percent of the

---

1. The plaintiff's wife was originally named as a plaintiff, but no claim for damages was pursued on her behalf at trial, and she is not a party to this appeal.

fault to Franklin, thus denying him any damages. *See* Iowa Code § 668.3(1) (1995) (recovery by claimant denied if "the claimant bears a greater percentage of fault than the combined percentage of fault attributed to the defendants"). Franklin contends the district court erred in submitting the issue of his comparative fault because he was not the driver of the car, and any negligence of his wife, who was the driver, could not be imputed to him. We affirm.

### I. *The Facts.*

Franklin and his wife, with their two children, were moving from Oregon to Missouri when they were involved in this accident on Interstate 29 in Fremont County, Iowa, on January 4, 1996. The Franklins were driving a 1984 Chevrolet Celebrity and towing a six- by eight- foot homemade trailer. Brian had just recently purchased the Celebrity from his mother but was waiting to title it in Missouri. Before leaving for Missouri, the Franklins testified they rewired the taillights on the trailer and added reflective tape to the rear of the trailer. Brian drove part of the way from Wyoming to Nebraska, but his wife, Brenda, was driving at the time of the accident.

Darrell Andrews was driving the Zeitner semitruck south on the interstate at approximately sixty-five miles per hour when he struck the Franklin's trailer. Andrews testified he had trouble seeing the trailer because it was nighttime and the trailer was dimly lighted. Andrews estimated the Franklins' speed to be approximately twenty-five miles per hour, which was less than the minimum interstate speed of forty miles per hour. After the accident, Andrews inspected the trailer and did not see any reflective tape. Photographs from the accident scene also did not reveal reflective tape. Brian and Brenda gave this version of the facts: They were traveling only forty-five miles per hour because the car could not pull the heavy load at high speeds, and they did not want to arrive in Columbia too early in the morning. However, they denied driving only twenty-five miles per hour as testified to by Andrews. They also disputed Andrews' testimony that the trailer lights were dim or not working and that there was no reflective tape on the trailer. They testified they checked the taillights on both the car and the trailer every time they stopped for fuel. Brian testified he wiped the trailer lights off at every stop.

James Belina, a forensic engineer, testified for the defendants. He had inspected the trailer following the accident and testified that the wires leading to the taillights were deteriorated because of age and that oxidation on the wiring was not consistent with the Franklins' testimony of only three or four weeks of use.

The sole issue for our consideration is whether the court erred in allowing the jury to consider the plaintiff's contributory fault. The defendants argue that even though the plaintiff was not the driver he was negligent in his inspection and repair of the trailer lights and negligent in allowing the car to be driven under the minimum of forty miles per hour and with defective taillights. The court instructed on both bases of negligence, and the plaintiff contends this was error.

### II. *Standard of Review.*

■■■■ We review objections to jury instructions for errors at law. Iowa R.App.P. 4; *Sheets v. Ritt, Ritt & Ritt, Inc.,* 581 N.W.2d 602, 604 (Iowa 1998). We view the evidence in the light most favorable to the party seeking the instruction when weighing the sufficiency of the evidence to support an instruction. *Duncan v. City of Cedar Rapids,* 560 N.W.2d 320, 325 (Iowa 1997).

### III. *The Arguments.*

The plaintiff contends the trial court erred in giving instructions regarding the plaintiff's contributory fault because there was no evidence showing he had actual

control of the car. Further, his wife's negligence, if any, could not be imputed to him because, as a matter of law, he was not the owner. *See Phillips v. Foster*, 252 Iowa 1075, 1083, 109 N.W.2d 604, 608 (1961) ("[W]here the owner is present in the car his right of control is presumed, and the burden is upon him to show that it has been surrendered or, because of the factual situation, could not be exercised."). The court's instruction 20 stated:

The defendants claim the Plaintiff Brian Franklin was at fault in one or more of the following particulars stated below. These grounds of fault are explained to you in other instructions.

The defendants must prove both of the following propositions:

1. The Plaintiff Brian Franklin was at fault. In order to prove fault, the defendant must prove Plaintiff Brian Franklin was negligent in one or more of the following ways:

a. In permitting his motor vehicle to be operated on interstate highway at a speed less than 40 miles per hour.

b. In permitting operation of his vehicle without display of a lighted red tail light plainly visible from 500 feet behind.

2. The plaintiff's fault was a proximate cause of the plaintiff's damage.

If the defendants have failed to prove either of these propositions, the defendants have not proved their defense. If the defendants have proved both of these propositions, then you will assign a percentage of fault against the plaintiff and include the plaintiff's fault in the total percentage of fault found by you [in] answering the special verdicts.

The defendants objected to instruction 20, claiming it did not accurately reflect the theory of defense, which was not imputed negligence, but active negligence on the part of the plaintiff. They argued that the rationale of the *Phillips* case is inapplicable because this plaintiff was not the owner of the vehicle. (The defendants had contended throughout this case that they were relying on the plaintiff's own negligence in repairing the trailer lights and in participating in a decision with his wife to operate the car below the minimum legal speed—not imputed negligence.) The plaintiff also objected to instruction 20, contending there was no evidence to support a finding of fault by him. The court overruled both parties' objections to that instruction.

The court outlined the basis of the defense in instructions 21 and 22. Number 21 stated:

At the time and place in question the speed of any vehicle less than 40 miles per hour, road conditions permitting, was unlawful.

The owner or person entitled to possession of a vehicle shall not knowingly permit operation of his vehicle at a speed less than 40 miles per hour, road conditions permitting, on an interstate highway.

A violation of this law is negligence.

Instruction 22 stated:

Every motor vehicle or vehicle[,] which is being towed at the end of a train of vehicles, shall be equipped with a tail light displaying a red light plainly visible from 500 feet behind.

The owner or person entitled to possession of a vehicle shall not knowingly permit operation of his vehicle unless it is equipped with a tail light displaying a red light plainly visible from 500 feet behind.

A violation of this law is negligence.

The plaintiff objected to instructions 21 and 22 on the ground that "the record does not show any fault on the part of the plaintiff, Brian Franklin, since he was a passenger in the vehicle and was not in control of the vehicle and therefore could not be allocated fault."

The defendants did not object to instructions 21 or 22, but they urged the court to give the requested instruction number 4, which would explain their theory of fault based on the plaintiff's own negligence, not

negligence imputed to him based on any ownership of the car. The court refused to give this requested instruction because

> it's my view that that theory of the case is encapsulated in Instruction No. 20, which is not based on imputation of fault but actual fault on the part of Mr. Franklin as a passenger and owner of the vehicle.

The rationale given by the court at the instruction conference, in which it described Franklin as an owner of the vehicle and referred to the *Phillips* case, gives some support to the plaintiff's complaint that the instructions impart a theory of imputed negligence for which there is no support in the evidence.

### IV. *Liability Based on Ownership.*

As noted in the statement of facts, the plaintiff had paid his mother for the car, but he had not yet received title to it because he was waiting until he had completed the move to Missouri. It is undisputed that legal title was still in his mother. Under Iowa Code section 321.1(49),

> "*[o]wner*" means a person who holds the legal title of a vehicle, or in the event a vehicle is the subject of a security agreement with an immediate right of possession vested in the debtor, then such debtor shall be deemed the owner for the purpose of this chapter.

■ A certificate of title is not conclusive evidence of ownership between a buyer and seller, but it is prima facie evidence of it. *Schultz v. Security Nat'l Bank*, 583 N.W.2d 886, 889 (Iowa 1998) (citing *Sandhorst v. Mauk's Transfer, Inc.* 252 N.W.2d 393, 398 (Iowa 1977)). Here, the defendants made no effort to rebut the presumption that the plaintiff's mother, not the plaintiff, was the titleholder. *Phillips* does not, therefore, impute the driver's negligence to the plaintiff on the basis of ownership, and we agree with the plaintiff on that point.

Reaching that decision, however, does not mean the case must be reversed if, aside from any consideration of imputed

negligence, the plaintiff was guilty of negligence in his own right. The defendants contend that he was; he negligently repaired the taillights, allowed the trailer to be operated without effective taillights, and joined in the decision to drive below the legal minimum speed.

■ The plaintiff had a duty to exercise reasonable care for his own safety, irrespective of any negligence of the driver that might be imputed to him. *See Peters v. Howser*, 419 N.W.2d 392, 394 (Iowa 1988); *Glandon v. Fiala*, 261 Iowa 750, 755, 156 N.W.2d 327, 331 (1968). Further,

> [w]hen it becomes apparent, or should become apparent, to a guest that the driver is operating the vehicle in a negligent or reckless manner, the exercise of reasonable care on the part of the guest for his own safety requires that he protest or remonstrate with the driver against his negligent or reckless conduct in an attempt to persuade him to drive carefully. If the guest discovers danger, or should discover danger in the exercise of reasonable care, and is aware that it is due in whole or in part to the manner in which the vehicle is being operated, or to the conduct of the driver, it is negligence for him or her to sit supine and indifferent without warning or protest.

8 Am.Jur.2d *Automobiles & Highway Traffic* § 649, at 222 (1997) (footnotes omitted); *accord Wiedenfeld v. Chicago & N.W. Transp. Co.*, 252 N.W.2d 691, 698 (Iowa 1977).

■ When the court's instructions 20, 21, and 22 are considered together, we believe it is clear the case was submitted on the basis of the claimant's own acts, not on imputed negligence. This is clear because, despite the court's discussion of the concept of imputed negligence, it did not submit the theory to the jury. Substantial evidence supports the jury's finding of fault on the defendants' specifications of

negligence that were submitted. We therefore affirm.

**AFFIRMED.**