R. F. MCMARTIN, appellee, v. FLOYD E. SAEMISCH, appellant.

No. 50576.

(Reported in 116 N.W.2d 491)

JULY 24, 1962.

Dekay & Barnes, of Atlantic, for appellant.

Hogzett & Burgett, of Oakland, for appellee.

PETERSON, J.—This is an automobile property damage case involving two automobiles colliding at a rural intersection near Oakland at about 4:30 p.m. on July 31, 1958. Plaintiff's automobile was driven by his wife. He was not in the car with her. Plaintiff's driver was to the right of defendant. The jury awarded plaintiff $275. Defendant's counterclaim was dismissed by the court. Defendant's motion for new trial was overruled. Since the action was for less than $300, the trial court granted a certificate permitting this appeal, and defendant appealed.

While appellant enlarges somewhat on his statement as to errors he really only raises and argues one alleged error: Was the trial court in error when it instructed the jury under Instruction No. 13 that Mrs. McMartin's contributory negligence, if any, was not imputed to plaintiff, the owner of the car?

I. The collision happened at an intersection about one mile west of Oakland. Mrs. McMartin had driven plaintiff's car to town, and while there purchased groceries for the family. Defendant argues that under the family purpose doctrine Mrs. McMartin's contributory negligence, if any, was imputed to plaintiff.

We do not recite extensive facts. Only one legal question is involved, and the above facts form the basis for such question.

II. Both parties cite Stuart v. Pilgrim, 247 Iowa 709, 74

N.W.2d 212, and Phillips v. Foster, 252 Iowa 1075, 109 N.W.2d 604.

It should be observed that defendant did not cross-appeal as to the court's dismissal of defendant's counterclaim. Plaintiff's case was presented to the jury on the ordinary instructions as to negligence on the part of defendant, and absence of contributory negligence on the part of Mrs. McMartin, except Instruction No. 13, which stated to the jury that as a matter of law Mrs. McMartin's contributory negligence, if any, was not imputed to plaintiff. The case simmers down to the one question as to whether or not the trial court was in error in giving such instruction.

III. The two cases of Stuart v. Pilgrim and Phillips v. Foster, both supra, sustain the trial court in its instruction as to lack of such imputation to plaintiff. In the Stuart case plaintiff's (Mrs. Stuart) car was driven by her husband, with her consent. She was riding in the automobile. Defendant (Mrs. Pilgrim) was driving her own car. Both automobiles were traveling in the same direction. As plaintiff's car approached a private driveway leading from the left side of the highway to the plant of the Bendix Aircraft Corporation, the driver prepared to make a left turn for the purpose of entering this drive. Defendant, coming from the rear, had just passed two other cars and was about to pass plaintiff's when she observed plaintiff's automobile was about to turn. She endeavored to swing to the right, but a collision occurred with resultant damages to both cars and personal injuries to plaintiff.

The trial court instructed the contributory negligence of plaintiff's husband, the driver of the car, was imputed to plaintiff. We reversed as to this question and established the principle that in the absence of any relationship such as principal and agent etc., the contributory negligence of Mr. Stuart, the driver of the car, was not by virtue of the statute imputed to Mrs. Stuart. Three previous cases holding to the contrary were overruled. Secured Finance Co. v. Chicago, R. I. & P. Ry. Co., 207 Iowa 1105, 224 N.W. 88, 61 A. L. R. 855; Rogers v. Jefferson, 224 Iowa 324, 275 N.W. 874; In re Estate of Green, 224 Iowa 1268, 278 N.W. 285.

Phillips v. Foster, supra, supported this doctrine but called attention to the fact that Stuart v. Pilgrim was a case of strict statutory construction and was not a declaration of any broad, comprehensive rule giving an owner a right to recover regardless of the contributory negligence of his consent driver. It was pointed out that Stuart v. Pilgrim held that the consent statute did not, by its provisions, impute contributory negligence of a consent driver to the owner so as to bar recovery for a third party's negligence. Situations wherein negligence of a driver might be imputed to the owner in the absence of the statute were not affected. These situations include those in the field of agency, master and servant, partnership and joint venture.

Phillips v. Foster recognized the distinction and commented that cases "decided solely under the family purpose doctrine and liability under the joint enterprise doctrine are not affected by Stuart v. Pilgrim." Phillips v. Foster discusses the question of control and the burden of showing that control had been surrendered or could not be exercised. The opinion says: "An example of where control has clearly been surrendered would be where the owner was not present in the car."

Legal responsibility of a husband for the torts of a wife is not based on marriage. Section 597.19, Code, 1962 (the same provision appears in former Codes), says: "For civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be liable therefor, except in cases where he would be jointly liable with her if the marriage did not exist."

5A Am. Jur., Automobiles and Highway Traffic, section 594, on page 601, says: "In the absence of a statute imposing liability for the use of an automobile by members of the owner's family, a husband can be held liable for the negligent operation of his automobile by his wife only upon the theory of personal negligence in entrusting the car to her, knowing that she is incompetent to drive, or upon the theory that the wife, in driving his automobile, was at the time of the injury acting as her husband's agent, or that he otherwise had control over the operation of the car."

■ Where the negligence of a wife in operating an automobile is imputed to the husband, the liability rests on the consent statute or one of those situations of respondeat superior or joint venture where there would be liability in the absence of the consent statute or marital relationship.

■ ■ If negligence is not imputed except under certain circumstances, neither is contributory negligence. We have said that contributory negligence is not imputed under the consent statute.

IV. Appellant urges liability as to plaintiff under family purpose use. Since appellant urges the theory so vigorously, it is advisable that we give the question attention.

Section 321.493 appeared for the first time in the 1924 Code. It is as follows: "321.493. Liability for damages. In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage."

This establishes specific liability as to definite persons. The situation in the case at bar is the reverse of this statutory procedure. The owner sued a third party charged with negligence. Such party claims exemption from liability on account of contributory negligence of the driver, the wife of the owner.

It is true we did not specifically discuss the family purpose theory in the Stuart case, yet we used some language at page 717 of 247 Iowa, which is peculiarly analogous to the instant case, as follows: "* * * the owner of the consent driven car might well seek to recover for his own damages in an appropriate action. By what logic, then, can it be said he would be faced with an imputation of the contributory negligence of the driver of his car, if such there was? Such an interpretation is clearly not within the language of the statute, and should not be read into it by a forced and unnatural construction. We think the legislature intended to protect third parties from the negligence of the bailee-driver of another's car; we find nothing to indicate it also intended to relieve such third parties from the consequences of their own negligence. To so hold is an unwarranted extension of the often harsh doctrine of contributory negligence; we cannot so construe the statute."

In the case at bar, defendant claims that the car was a family purpose car operated by the wife for a family purpose and that her contributory negligence, if any, is imputed to the husband-owner. Little has been heard of the family purpose doctrine in motor-vehicle-negligence law since the passage of the consent statute. The doctrine was outmoded and superseded by the statute, and other theories and cases, as hereinafter shown.

The last case cited by appellant is Collinson v. Cutter, 186 Iowa 276, 170 N.W. 420, decided 43 years ago and before the passage of the consent statute. In the cited case a minor son accompanied by his mother was operating a family car. The allegations were that the son was acting as the servant and under the direction and control of the other defendants. On this relationship, their liability was claimed. As against the defendant father, who was not present, the family purpose doctrine was invoked and supported by actual evidence that the car was being used for the family purpose for which purchased. There was resort to the law of agency to the effect that the driver was the owner's agent and was using the car in the owner's service.

Such strained reasoning necessary at that time to place liability where it should be was no longer necessary after the passage of our consent statute.

Crawford v. McElhinney, 171 Iowa 606, 154 N.W. 310, Ann. Cas. 1917E 221, also decided before our consent statute, imputed negligence of the wife to the husband-owner on the theory that under the facts she was his agent and employee and they were engaged at the time in a common enterprise.

An interesting discussion of the old law (1894) in Iowa appears in an opinion by the 8th Circuit Court, Chicago, B. & Q. R. Co., plaintiff in error, v. Honey, 63 F. 39, 26 L. R. A. 42. That case holds that where a husband brings a common-law action for a loss of his wife's services and society, he is chargeable with the wife's contributory fault. The holding would be limited to our consortium cases and would not control the case at bar.

The following general statements from 5A Am. Jur., Automobiles and Highway Traffic, section 591, are pertinent as to the question of family use: "* * * the mere fact of a family relationship between the owner and the person driving it on the

occasion in question does not impose a liability upon the owner for the negligence of the driver. This is so whether the car was being operated by the owner's child or spouse, or by some more remote member of his family whom he has permitted to use his car. * * * the owner's liability for the negligent operation of his automobile by a member of his family must depend either upon the theory that the one driving the car was acting as the owner's agent or servant or was otherwise subject to his control, or upon the theory of personal negligence on the part of the owner in entrusting the operation of the car to one incompetent to drive. There is no presumption that such driver is the agent of the owner where the latter is not present. * * * All courts which have adopted this doctrine recognize that fundamentally there must exist, either in fact or by process of judicial reasoning, a relationship of principal and agent or master and servant before there can be any liability. Where adopted, it extends the principle of respondeat superior to create liability upon an automobile owner in situations which, but for its adoption, would not have existed."

In the field of automobile tort liability the family purpose doctrine was a sort of "kissin' cousin" to the doctrine of agency. With the disintegration of the old common-law theories as to the supremacy and responsibility of a husband and in the absence of a consent statute, there were too many cases where an injured party was without an effectual remedy. To give a remedy where there was a wrong, it was held that a member of the family operating a car owned in the family was the agent of the owner. It was probably the best reason that could be thought of at the time, but now that the consent statute has relieved us of such tongue in cheek and fingers crossed reasoning, we think it is time to take it to the attic as an antique without further use.

It is true as stated in Phillips v. Foster "* * * that cases decided solely under the family purpose doctrine * * * are not affected by Stuart v. Pilgrim." This was merely a cautionary comment because in construing the consent statute Stuart v. Pilgrim had nothing to do with such cases. The consent statute, however, enacted in the light of section 597.19, quoted above, does

change the basis for liability of an owner. Liability may now rest upon the firm foundation of the statute, or a true agency, etc., and not on an oxbow appendage tenuously attached to the law of agency.

We are not considering true agency or master and servant cases, but the showing in this case that the car was used by husband and wife for family purposes and that the wife had gone to town in the car for groceries does not establish that she was such a servant or agent of her husband as to impute her negligence to him in the absence of a statute to such effect.

The somewhat indefinite and intangible theory of liability of a nondriving automobile owner through family purpose use is outmoded. We are not overruling any old decisions based on the theory, as it may have been proper in its day, but we do say it has been superseded for modern use by legislative enactment and the increasing use of the well-known principles of principal and agent, master and servant, family partnerships, and joint ventures. In a converse situation certain lack of ownership imputations have been established by our recent decisions of Stuart v. Pilgrim and Phillips v. Foster, both supra.

The case is affirmed.—Affirmed.

All JUSTICES concur.