JOSEPH T. HOULAHAN, appellant, v. ROY BROCKMEIER, appellee.

No. 51971.

(Reported in 141 N.W.2d 545, 924)

APRIL 5, 1966.

REHEARING DENIED WITH SUPPLEMENT MAY 3, 1966.

Henry M. Keyes of Keyes, Crawford & Bradley, of Cedar Rapids, for appellant.

Wayne C. Collins of Shuttleworth & Ingersoll, of Cedar Rapids, for appellee.

RAWLINGS, J.—Plaintiff brought an action against defendant for damages to plaintiff's automobile resulting from a no-contact rural highway accident.

This mishap occurred about 8:25 a.m. October 26, 1960, on Highway 13 about two miles north of its junction with Highway 64 in Linn County.

Plaintiff's automobile was being operated in a southerly direction by his 18-year-old son Thomas, accompanied by a 16-year-old brother Patrick. There were no other occupants of plaintiff's vehicle.

Defendant was traveling in a northerly direction and turned

left into a driveway leading to the Federal Hybrid Seed Corn Company plant.

Moving at a high speed Thomas turned left past defendant's car, lost control and struck a telephone pole, causing irreparable damage to plaintiff's automobile.

From judgment adverse to plaintiff after trial to the court, with jury waived, plaintiff appealed.

Errors assigned by plaintiff on this appeal are: (1) The court erred in its findings of fact, and (2) the court erroneously found plaintiff's son was contributorially negligent and imputed this to plaintiff as a bar to his recovery.

I. Findings of fact by the trial court have the force and effect of a jury verdict and if supported by the evidence we will not interfere. Rule 344(f)1, R. C. P., and McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130.

The trial court found defendant, traveling at about ten miles an hour, saw plaintiff's oncoming car about two blocks away; concluded he could turn safely; gave an appropriate left turn signal; made the turn; and the rear of his vehicle had about cleared the west edge of the paved roadway when he stopped his car.

That Thomas was driving his father's car at a speed of not less than 70 miles an hour; passed a same direction vehicle; turned left as he approached defendant; applied his brakes; skidded about 84 feet; ran off the east side of the pavement; hit a telephone pole ten to 12 inches in diameter about 50 feet away, tearing out a ten-foot section approximately four feet off the ground, after which the car spun around counterclockwise three times; continued then in a southerly direction; crossed a gravel road; and came to rest in a cornfield about 267 feet from the point where the car left the pavement.

That both Thomas and Patrick lived with their parents at the time here concerned and were on their way to Iowa City where Thomas was to have a postoperative checkup and Patrick was to keep a dental clinic appointment.

That after the accident Patrick told defendant they had been traveling 100 miles an hour, but this the boy later denied, claiming he had said it felt like they were going that fast.

There is no need to here engage in any exploration of the testimony. We are satisfied there was sufficient substantive evidence to support the findings of the court sitting as a trier of the facts.

We realize there was some conflict in the testimony but as to this we said in Twohey v. Brown, 246 Iowa 114, 118, 66 N.W.2d 870: "The rule making the credibility and the weight of testimony a question for the jury [trier of the facts] applies notwithstanding there are contradictions or inconsistencies in the testimony of a particular witness, * * *." See also rule 344 (f)17, R. C. P.; Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 220, 122 N.W.2d 270; 5A C. J. S., Appeal and Error, sections 1656(1)–1658, pages 429–570; 5 Am. Jur.2d, section 839, page 282; and section 844, page 288.

II. The trial court also found as a matter of fact that at the time here concerned Thomas was contributorially negligent, that he was plaintiff's agent or servant, and concluded this contributory negligence on the part of Thomas was imputable to the plaintiff-father. With this conclusion we cannot agree.

By his petition plaintiff alleged the son Thomas was driving plaintiff's automobile with his consent and permission. No claim was there made, either directly or by inference, to the effect Thomas was an agent, servant or employee of plaintiff.

Defendant by answer admitted Thomas was operating the subject vehicle with the consent and permission of his father.

Turning now to the evidence on this point, we find Thomas first stated he was operating a car owned by his father. Then on cross-examination admitted he was driving the vehicle with his father's *consent* and *permission.*

Following this defendant called plaintiff as a witness. His testimony discloses he gave Thomas *permission* to drive the car to Iowa City so Thomas could secure a postoperative checkup and Patrick could keep a dental clinic appointment.

He later said if Thomas had not driven then plaintiff, his wife or some third person would have taken Patrick to the clinic since the latter had no driver's license.

But this statement alone creates no agency status between father and son.

Both boys were living at home, both were going to Iowa City and Thomas was given permission to use the father's automobile in order to make the trip.

The elements essential to an agency relationship between father and son are totally lacking.

■ We have held the test of agency is the right to exercise control of the actions and conduct of another. Ganzhorn v. Reep, 234 Iowa 495, 499, 12 N.W.2d 154. Clearly the father neither retained nor exercised any semblance of right to control the actions and conduct of the son in making the trip to Iowa City.

■ Where, as in the case at hand, control is relinquished by the car owner to a consent user no agency is created. 60 C. J. S., Motor Vehicles, section 436(a), page 1086, and 8 Am. Jur.2d, Automobiles and Highway Traffic, section 584, page 138.

In the comparable case of Burant v. Studzinski, 234 Wis. 385, 291 N.W. 390, a son was permitted use of the father's vehicle to transport himself, his mother, sister and another girl to church. There was an accident and the court held no agency relationship existed between father and son because the use consenting father derived no actual benefit or advantage from the trip.

■ The conclusion reached by the trial court would require a finding the father is head of the household, his business as such is the health, education, welfare and pleasure of the family, and when any member of the family uses an automobile belonging to the father, for the benefit of the user or any other member of the household, then an agency relationship is created between father and user.

This philosophy has no firm foundation either in law or logic. In effect it would tend to inhibit the natural generosity and desires of a father to provide for the health, welfare and pleasures of his family by ultimately imposing upon him a universal responsibility for all acts and conduct of his wife and children.

The theory that all members of a man's family are per se his servants or agents was the fictional genesis of the old family purpose doctrine for which we have had no need since section 321.493, Code, 1962, was enacted. Furthermore we find no good

cause to now revive it. McMartin v. Saemisch, 254 Iowa 45, 116 N.W.2d 491; Michaelsohn v. Smith, N. D., 113 N.W.2d 571; and Jacobsen v. Dailey, 228 Minn. 201, 36 N.W.2d 711, 11 A. L. R.2d 1429.

Finally on this subject we find not one word of testimony in the case now before us which could reasonably be said to create an agency status between plaintiff and his son Thomas at the time here concerned. Hanson v. Green, Tex. Civ. App., 339 S.W.2d 381; Campbell v. Swinney, Tex. Civ. App., 328 S.W.2d 330; Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A. L. R. 1014; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A., N. S., 87; and Doran v. Thomsen, 76 N. J. Law 754, 71 A. 296, 19 L. R. A., N. S., 335, 131 Am. St. Rep. 677.

The evidence clearly discloses Thomas was nothing more than a permissive user of his father's car.

III. We once recognized what is commonly referred to as the both-ways test, imputing contributory negligence of the driver to the owner of a consent driven vehicle. But in 1956 this venerable concept was abandoned. See Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212; Phillips v. Foster, 252 Iowa 1075, 109 N.W.2d 604; Federated Mutual Implement & Hardware Ins. Co. v. Rouse, 133 F. Supp. 226, 235; Harper and James, The Law of Torts, sections 23.5 and 23.6; 5 Drake Law Review 127; 9 Drake Law Review 48; and 51 Iowa Law Review 670.

The learned trial court may have had good and sufficient cause to conclude there was contributory negligence on the part of Thomas Houlahan but if so erred in imputing it to plaintiff.

IV. This brings us to another phase of the case which demands consideration.

We have repeatedly held a decision which is proper on any ground shown by the record will not be disturbed on appeal. Stated otherwise a correct conclusion will not be cast aside because of error in reasoning on the part of the trial court. Mechanicsville v. State Appeal Board, 253 Iowa 517, 525, 526, 111 N.W.2d 317; In re Estate of Ballard, 252 Iowa 548, 552, 107 N.W.2d 436; Wilkinson v. County Board of Education, 251 Iowa 876, 879, 102 N.W.2d 924; and In re Estate of Hale, 231 Iowa 1018, 1024, 2 N.W.2d 775. See also 5B C. J. S., Appeal

and Error, section 1789, page 59, and 5 Am. Jur.2d, Appeal and Error, section 785, page 227.

However this court has also said: "* * * while we are bound by the lower court's findings of fact, if it applied erroneous rules of law in arriving at its decision, unless absence of prejudice appears therefrom, we must interfere. It is as though an erroneous instruction had been given to a jury." In re Estate of Lundvall, 242 Iowa 430, 435, 46 N.W.2d 535. See also Phillips v. Foster, 252 Iowa 1075, 1085, 109 N.W.2d 604, and Ruble v. Carr, 244 Iowa 990, 999, 59 N.W.2d 228.

In the instant case, while there is no cause for us to argue with the findings of fact by the trial court, we are satisfied it applied an erroneous rule of law by imputing Thomas' negligence to plaintiff in reaching its decision.

The trial court specifically found unnecessary any determination of alleged negligence of defendant, refrained from any consideration of proximate cause, and neither of these matters was assigned as error by defendant in an attempt to uphold the judgment for him. But under existing circumstances these are matters which should be resolved by the trier of the facts.

■ If the testimony disclosed defendant was negligent in any manner alleged which was the proximate cause of the accident, then plaintiff would be entitled to damages regardless of contributory negligence on the part of plaintiff's consent driver. Cronk v. Iowa Power and Light Co., 258 Iowa 603, 138 N.W.2d 843; Christianson v. Kramer, 255 Iowa 239, 122 N.W.2d 283; Brewer v. Johnson, 247 Iowa 483, 72 N.W.2d 556; Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212; Florey v. City of Burlington, 247 Iowa 316, 73 N.W.2d 770; and Hecht v. Des Moines Playground and Recreation Association, 227 Iowa 81, 287 N.W. 259.

■ On the other hand if the testimony disclosed negligence on the part of plaintiff's consent driver was the sole proximate cause of the accident and resulting damage to plaintiff's automobile, he would then be entitled to no recovery from defendant. Ness v. H. M. Iltis Lumber Co., 256 Iowa 588, 595, 128 N.W.2d 237; McMaster v. Hutchins, 255 Iowa 39, 43, 120 N.W.2d 509; Snook v. Long, 241 Iowa 665, 669, 42 N.W.2d 76, 21 A. L. R.2d

1; Woody v. South Carolina Power Co., 202 S. C. 73, 24 S.E.2d 121, 126; Jaggers v. Southeastern Greyhound Lines, 34 F. Supp. 667, 670; and 65 C. J. S., Negligence, section 110, page 682.

V. Being satisfied this case must be reversed and remanded, the question next presented is whether a new trial should be ordered.

 We said in Flood v. City National Bank, 220 Iowa 935, 938, 263 N.W. 321: "* * * It has been often held that, speaking generally, the reversal of a law action sends it back to the court below for a retrial, and does not authorize a judgment for the successful appellant. * * *."

 But where, as here, a case is tried to the court with jury waived and the court simply errs as to the rule of law to be applied in formulating conclusions and arriving at its judgment, an appellate court need not always remand for a new trial. In re Olson's Estate, 227 Minn. 289, 35 N.W.2d 439, 447; 5 Am. Jur.2d, Appeal and Error, section 966, page 393; and section 974, page 401.

 In the instant case there is no reason to believe the parties have not already fully explored the factual situation, and there is little or no cause to believe a new trial would develop additional enlightening or material evidence.

In fact we are satisfied a new trial would here be nothing more than an idle gesture entailing needless additional expense for both parties, with attendant delay.

VI. The interests of justice dictate this case be reversed and remanded, and the trial court ordered to make new findings of fact and enter judgment accordingly.—Reversed and remanded with directions.

GARFIELD, C. J., and LARSON, SNELL and STUART, JJ., concur.

THORNTON, MOORE, MASON and BECKER, JJ., concur in a reversal but would remand for new trial.

## SUPPLEMENTAL OPINION

RAWLINGS, J.—The opinion filed herein April 5, 1966, 141 N.W.2d 545, is hereby supplemented as follows:

Plaintiff originally alleged the automobile for which he sought damages belonged to him alone.

During trial it developed title to the car involved was held by plaintiff *or* his wife in the alternative.

It was also then disclosed plaintiff-father was the sole parent consenting to use of the car being driven by the son at the time of the subject accident.

Appeal was by plaintiff alone so error was neither assigned nor argued as to the matter of real party in interest.

With that issue eliminated we, for convenience and clarity, dealt with the father as sole owner of the car. The net result is still the same.

On the filing of this supplemental opinion, a rehearing is denied.