**THORP CREDIT, INC., Appellee,**

v.

**Elmer R. BARR and Ruth Barr, Appellants.**

No. 54919.

Supreme Court of Iowa.

Sept. 19, 1972.

L. Vern Robinson, Iowa City, for appellants.

Shirley, Smith & Shirley, Perry, and Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellee.

HARRIS, Justice.

This appeal challenges the procedures employed in a replevin action and attacks the constitutionality of our replevin statute. The trial court ruled any procedural defects were waived by a general appearance and found the replevin chapter constitutional. We affirm.

Elmer R. Barr and his wife Ruth, hereafter defendants, entered into a security agreement October 4, 1968 with Thorp Credit Inc., hereafter plaintiff. Plaintiff, a lending institution, had loaned a sum to defendants. The agreement securing this loan covered various items of personal property, some of which would be and some of which would not be exempt from execution under Iowa law, chapter 627, The Code. A part of the sum loaned and covered by the security agreement was actually the refinancing of prior loans. De-

fendants defaulted on their payments to plaintiff precipitating this action.

I. The essence of defendants' first complaint is that original notice was not served at the time of the issuance and execution of the writ. They point to a reference in section 643.5, The Code, which requires a pledge in the replevin bond that plaintiff " * * * will appear in court on or before the day fixed in the original notice, and prosecute his action to judgment. * * * " Defendants have not preserved in this appeal their challenge to the bond.

■ Defendants have no standing to complain of the lack of original notice in this case. After the issuance of the writ they appeared in this action, moved to quash, later filed a separate motion to dismiss, filed answer, and thereafter participated at trial. We recently reviewed the effect of a general appearance as submission to the general jurisdiction of the court. Lonning v. Lonning, 199 N.W.2d 60 (Iowa 1972). Under the familiar rule explained in Lonning a general appearance is submission to the jurisdiction of the court, waiving the necessity of notice, and defects in any notice given.

II. Defendants alleged by way of affirmative defense and offered evidence at the trial to show they were on welfare and that part of the property seized was exempt from execution. Freely conceding they both signed the security agreement defendants challenged Iowa's replevin chapter, chapter 643, The Code, claiming it does not measure up to minimum state and federal constitutional standards. They assert some preseizure hearing should be required on notice.

Any such theory would have to be described as of rather recent origin: "An express waiver of exemption rights in property may properly be contained in a mortgage thereof; (Citations) but an express waiver is not necessary, for a mortgage or pledge implies a waiver as to the particular property, (Citations) * * * "

35 C.J.S. Exemptions § 106, page 155. See also 31 Am.Jur.2d, Exemptions, section 158, page 459. Both these authorities cite the early Iowa case of Fejavary v. Broesch, 52 Iowa 88, 2 N.W. 963.

It has long been established: " * * * although it is the general rule that everyone is entitled to a hearing as an essential part of due process of law, a statute is not unconstitutional merely because it authorizes a ministerial act by which possession of property is taken before the right to it has been judicially determined. This is done in cases of attachment and replevin, without objection, and is a matter in the discretion of the legislative power in creating remedies." 16 Am.Jur.2d, Constitutional Law, section 576, pages 980, 981. See also 16A C.J.S. Constitutional Law § 622, pages 820, 825.

These familiar rules have been the subject of attack in various state and federal courts beginning with Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). This attack has now culminated in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 1997–1998, 32 L. Ed.2d 556 (decided June 12, 1972) in which the United States Supreme Court struck down as invalid a Florida prejudgment seizure statute. The Florida statute disapproved was in all material respects identical to our own. See sections 643.5 and 643.6, The Code.

Fuentes held both a notice and an opportunity for a judicial hearing are required before a constitutional seizure of household goods can be effected. Contractual provisions in a purchase agreement according vendor the right to "repossess" the goods were held not to amount to a waiver. We do not hold, nor do we understand Fuentes to have held, such a waiver is impossible. However the language employed was not sufficient, under Fuentes, to effect a waiver.

■ We are bound under the holding in Fuentes to declare unconstitutional and in-

valid sections 643.5 and 643.6, The Code, for their want of notice and judicial hearing requirements prior to seizure. We are without authority to salvage these sections by prescribing such a hearing or the notice to be given therefor. Such provisions must await legislative action.

■ III. We are left with the question of the effect, in this case, of the unconstitutionality. After the seizure of the goods and after defendants' motion to quash had been overruled the matter came on for trial. Testimony of defendant Barr was itself enough to establish plaintiff's right of possession. Remand for a new trial would be idle. Where all facts are clearly established it is appropriate for us to enter final judgment even where we find error. Wilson v. Findley, 223 Iowa 1281, 275 N. W. 47; State ex rel. Weede v. Bechtel, 244 Iowa 785, 56 N.W.2d 173; Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 545, 924. See also 5 Am.Jur.2d, Appeal and Error, section 959, page 384; 5B C.J.S. Appeal and Error § 1925, page 425.

Of course we cannot allow application of an unconstitutional statute with the excuse it will or can be later corrected by showing at trial. Persons will be protected from such seizure by the rule announced in this opinion and by the opinion of the United States Supreme Court in Fuentes which of course was rendered after the submission of this appeal to us. Failing that an appeal under rule 332, Rules of Civil Procedure, might be appropriate.

■ Since the final record discloses plaintiff's right of possession the trial court must be affirmed. Preliminary error in refusing to quash the writ of replevin was harmless for purposes of this appeal.

Affirmed.

All Justices concur except RAWLINGS, MASON and LeGRAND, JJ., who dissent and McCORMICK, J., who takes no part.

RAWLINGS, Justice (dissenting).

It is impossible for me to agree with the reasoning in Division III of the majority opinion and result reached, therefore I respectfully dissent.

The majority prefatorily concedes "We are bound under the holding in Fuentes [v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972)] to declare unconstitutional and invalid sections 643.5 and 643.6, The Code, for their want of notice and judicial hearing requirements prior to seizure." It then proceeds to sanction, under the guise of harmless error, a replevin procedure here pursued and effected under the aforesaid admittedly unconstitutional statutory enactments. I cannot join in that conclusion.

As the Supreme Court first made clear in Fuentes v. Shevin, 92 S.Ct. at 1994–1995:

"If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if it was unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. 'This Court has not . . . embraced the general proposition that a wrong may be done if it can be undone.' Stanley v. Illinois, 405 U.S. 645, 647, 92 S.Ct. 1208, 1210, 31 L.Ed.2d 551."

With regard thereto these defendants were never accorded the foregoing pre-seizure rights. Furthermore, we cannot presume they had no good and sufficient legal cause which would have prevented the admittedly illegal divestment.

**538**

Even more significantly it is to me evident the majority flies squarely in the face of Fuentes v. Shevin. In that case, 92 S. Ct. at 1997–1998, the court unmistakably declared:

"If it were shown at a hearing that the appellants had defaulted on their contractual obligations, it might well be that the sellers of the goods would be entitled to repossession. *But even assuming that the appellants had fallen behind in their installment payments, and that they had no other valid defenses, that is immaterial here. The right to be heard does not depend upon an advance showing that one will surely prevail at the hearing. 'To one who protests against the taking of his property without due process of law, it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'* Coe v. Armour Fertilizer Works, 237 U.S. 413, 424, 35 S.Ct. 625, 629, 59 L.Ed. 1027. It is enough to invoke the procedural safeguards of the Fourteenth Amendment that a significant property interest is at stake, whatever the ultimate outcome of a hearing on the contractual right to continued possession and use of the goods." (Emphasis supplied).

Surely that which developed in the instant case after pursuit by plaintiff of an unconstitutional seizure cannot effectively eliminate the inceptional taint of invalidity.

It would appear the majority, at least inferentially, agrees with the position here taken by conceding, " * * * we cannot allow application of an unconstitutional statute with the excuse it will or can be later corrected by showing at trial."

In light of the foregoing I would reverse.

MASON and LeGRAND, JJ., join in this dissent.