Norma J. EVERHARD, Appellant,

v.

Henry Bertinus THOMPSON, Appellee.

No. 55066.

Supreme Court of Iowa.

Nov. 15, 1972.

Rehearing Denied Feb. 14, 1973.

Albert L. Habhab, Fort Dodge, for appellant.

Lund & Hill, by Stewart H. M. Lund and Patrick B. Chambers, Webster City, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

REYNOLDSON, Justice.

Plaintiff, a passenger in an auto driven by her husband, was injured in a two-car collision and brought suit for her damages. The separate cause of action brought by plaintiff's husband was consolidated for jury trial with plaintiff's action. Defendant filed a counterclaim. Recovery was denied on all claims and only the plaintiff appeals. We affirm.

The car in which plaintiff was riding was registered jointly to her and her husband. The latter was driving this vehicle northward on a gravel road near Eagle Grove, Iowa, when it came into head-on collision on the west side of the road with a south-bound car operated by defendant.

Plaintiff and her husband testified defendant's auto approached in their east lane of traffic, and after defendant made no response to their horn, the husband attempted to avoid the impending collision by driving their vehicle to the west side of the roadway. Defendant testified he was operating his vehicle on the west side of the road at all times. Testimony of the investigating patrolmen tended to corroborate the testimony of plaintiff and her husband driver.

■ I. Plaintiff assigns several errors based on jury instructions. The only issue raised of precedential importance involves number 19, in which the jury was instructed that because plaintiff was a joint owner of the car in which she was riding the negligence, if any, of the driver would be imputed to her unless she proved by a preponderance of the evidence she had no control over the car. While the jury's answers to special interrogatories (discussed in the next division) obviate the claimed

error, we believe this issue should be resolved for the benefit of bench and bar.

Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212 (1956) marked a turn in our case law. We there rejected the previously applied "two-way" rule (spawned by the owner liability statute, § 321.493, The Code) which reasoned if the owner was liable for damages for the direct and actionable negligence of his consent driver he must also be bound by such driver's contributory negligence in any action brought for his own damage. There followed Phillips v. Foster, 252 Iowa 1075, 109 N.W.2d 604 (1961), confining *Pilgrim* to its facts: § 321.493, The Code, does not statutorily impute the negligence of the consent driver to the owner in the latter's damage action against a third party. But if the owner is present in the auto his right of control is "presumed" and he has the burden to show it has been surrendered or because of the factual situation could not be exercised.

Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 545 (1966), opinion supplemented 141 N.W.2d 924, may have involved a jointly owned auto, but in any event neither owner was riding in the car at the time of collision. We refused to revive the fiction of the family purpose doctrine to support a theory of agency between family members, in that case the owner-parents and a driver-son. In Stam v. Cannon, 176 N.W.2d 794 (Iowa 1970) defendant attempted to show a co-ownership of the vehicle by the driver-wife and the passenger-husband in order to impute contributory negligence under the *Phillips* rule. Without passing on applicability of that rule to such a situation we held under the plain language of our motor vehicle statutes (§§ 321.1(36) and 321.45(2), The Code) the wife was the titleholding owner and no other right, title, claim or interest could be recognized by the court.

For the first time, then, an appeal confronts us with a suit against a third party brought by a co-owning passenger in a colliding auto driven by the other co-owner.

The nebulous premise upon which Phillips v. Foster was foundationed—that the owner has the ultimate power to remove the driver and therefore control his driving—is nonexistent in this situation. The driver-husband had as much right to possession and control of the car as did the passenger-wife. In a legal sense, a co-owner of nonfungible personal property in possession may usually exclude his co-owner from immediate possession. Conover v. Earl, 26 Iowa 167 (1868); Frans v. Young, 24 Iowa 375 (1868); 20 Am.Jur.2d, Cotenancy and Joint Ownership § 33, at p. 125.

We find the following in 8 Am.Jur.2d, Automobiles and Highway Traffic § 674, at p. 225:

"In a number of cases it has been held that where a motor vehicle is owned jointly by the driver and his or her spouse who is a passenger therein, the negligence of the driver is not imputable to the spouse by reason of such joint ownership so as to bar an action by the latter against a third person."

This statement of law has been supported by a number of well-reasoned decisions from other jurisdictions. Sherman v. Korff, 353 Mich. 387, 91 N.W.2d 485 (1958); Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945 (1943); Stover v. Patrick, 459 S.W.2d 393 (Mo.1970); Sumner v. Amacher, 150 Mont. 544, 437 P.2d 630 (1968); Pavlos v. Albuquerque Nat. Bank, 82 N.M. 759, 487 P.2d 187 (Ct. of App.1971); Jenks v. Veeder Contracting Co., 177 Misc. 240, 30 N.Y.S.2d 278 (Sup.Ct.1941), affirmed and modified by increasing plaintiff's recovery to amount of original jury verdict, 264 App.Div. 979, 37 N.Y.S.2d 230 (1942); affirmed mem., 290 N.Y. 810, 50 N.E.2d 231 (1943); Parker v. McCartney, 216 Or. 283, 338 P.2d 371 (1959). There has been a growing judicial reluctance to find the requisite control as a basis for imputing the driver's negligence from the fact, standing alone, that husband and wife are co-owners of the vehicle. James, Vi-

carious Liability, 28 Tul.L.Rev. 161, 214 (1954).

In discussing some of the above decisions, the Missouri Supreme Court, sitting en banc, recently said in Stover v. Patrick, supra, 459 S.W.2d at 401:

"We are impressed by the reasoning in these cases holding that co-ownership of an automobile does not give a realistic right of control over its movement to a passenger-owner and that absent evidence of other facts which establish a basis for imposing liability on the passenger-wife for acts of her driver-husband, the negligence of the latter should not be imputed to the former, merely because of joint ownership of the vehicle. Automobiles are frequently jointly titled for various reasons, such as minimizing inheritance taxes, or avoiding the necessity of probate to transfer title to the automobile on death, or to facilitate financing, or for other reasons, none of which have anything to do with a right of control in the operation of the vehicle at the time it is being operated on the highway by the co-owner spouse. Such joint ownership is not a sufficient basis of imputing negligence of a driver-spouse to a passenger-spouse."

We believe this logic and the rationale of the above cited cases should prevail. We therefore hold trial court erred when it instructed the jury that any contributory negligence of the driving co-owner was imputed to the passenger co-owner unless the latter could prove she had no control over the car.

■ II. Trial court, however, also submitted to the jury nine special interrogatories, six related to the alleged negligence of the various parties and three related to damages. Answering these to the extent necessary, the jury said in response to separate interrogatories there was no negligence in any particular on the part of defendant, plaintiff's husband, or plaintiff. Although under the facts of this case the result is unusual, it may have been logically predicated on the jury's finding that none of the parties had carried his or her burden to prove by a preponderance of evidence the negligence of the other party.

It is a basic rule that error may be rendered harmless and therefore not reversible by subsequent proceedings or the result of the case. Errors committed against a party are cured by a verdict or judgment in his favor. 5 Am.Jur.2d, Appeal and Error § 792, p. 233. See, e. g., Spry v. Lamont, 257 Iowa 321, 132 N.W.2d 446 (1965); Herman & Ben Marks v. Haas, 166 Iowa 340, 147 N.W. 740 (1914). An error in instructions may be demonstrably harmless and nonprejudicial because of a jury's answers to special interrogatories. Oakes v. Peter Pan Bakers, Inc., 258 Iowa 447, 138 N.W.2d 93 (1965); Sisson v. Weathermon, 252 Iowa 786, 108 N.W.2d 585 (1961); Martin v. Momyer, 230 Iowa 1158, 300 N. W. 310 (1941).

Applying this law to the case before us, the jury found neither plaintiff nor her husband negligent. While instruction 19 placed too great a burden on this plaintiff she still prevailed on that point. The jury did not have to consider the imputation of the driver's negligence once it found the driver not negligent. Plaintiff was therefore not prejudiced by the erroneous instruction.

■ No complaint is made of instructions dealing with defendant's negligence. The jury found defendant was free from negligence. At that point it became unimportant whether either plaintiff or her husband were contributorially negligent. All the alleged instructional errors related to their negligence and were therefore nonprejudicial. See Martin v. Momyer, supra.

■ Plaintiff made a general objection to instruction 28 (the interrogatories), "for the reason they would tend to confuse and mislead the jury in attempting to reach a verdict in this case." On appeal, the principal contention is the interrogatories

failed to distinguish between the driver's negligence "being the sole proximate cause of the plaintiff's injury and being a concurring cause." This issue is mooted by jury's determination there was no negligence. Error, if any, in instruction 28 was without prejudice.

The law we must apply against plaintiff in this division renders her victory on the issue in division I a hollow one. The judgment below must be affirmed.

■ III. Defendant has submitted a brief printed on only one side of the page, a violation of rule 345, Rules of Civil Procedure. Total certified printing cost in the sum of $32 shall be assessed to defendant. All other costs shall be taxed to plaintiff.

Affirmed.

MOORE, C. J., and MASON and RAWLINGS, JJ., concur.

REES, J., takes no part.