David OEHLERT, by Howard Oehlert, his father and next friend, Appellee,

v.

Gerrald KRAMER, Appellant.

Robert OLSON, by Wilbur Olson, his father and next friend, Appellee,

v.

Gerrald KRAMER, Appellant.

No. 55272.

Supreme Court of Iowa.

March 28, 1973.

Warren L. DeVries, Mason City, for appellant.

William Pappas, Mason City, for appellees.

HARRIS, Justice.

We reverse the trial court's judgment for two plaintiffs in an automobile accident case. Two nonjury personal injury cases were consolidated for trial. Both plaintiffs were guests who charged defendant with recklessness in the operation of a motor vehicle at night through a series of four curves. For simplicity we ignore the fact that each suit was brought by the father of the minor guests claiming injury and that the new automobile was owned by defendant driver's father.

Gerrald Kramer (defendant) met plaintiffs (Bob and David) at a drive-in in Clear Lake on the night of April 11, 1967. The three youths were well acquainted. Bob and defendant spent considerable time discussing the new cars both were driving. It was decided to take a drive in defendant's vehicle and the three left the drive-in proceeding west on Iowa Highway 18. Defendant drove. Bob rode on the passen-

ger's side of the front seat while David sat in the middle of the back seat.

They soon left Highway 18 and entered a blacktop county road, known officially as Cerro Gordo County Road B and unofficially as the Fertile road. The car left the Fertile road out of control about three fourths of a mile north of where the youths had entered it. The road, which was well known to defendant, has four rather pronounced curves within the three quarters of a mile and is not constructed for high speed travel. The posted speed limit for night was 50 miles per hour.

The new car was "run through the gears," and accelerated to a high speed. The car negotiated the first three curves but failed on the fourth. There was direct evidence the car was traveling 90 miles per hour as it entered the curve it failed to negotiate. All the youths suffered personal injuries. In these suits for the injuries to Bob and David the trial court, sitting as the trier of facts, found recklessness on the part of defendant and fixed the amount of recoveries. On appeal, defendant assigns three errors.

I. Defendant complains the evidence was insufficient to make out a case of recklessness under the guest statute. Section 321.494, The Code, provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the * * * reckless operation by [the driver] of such motor vehicle."

Defendant argues the only evidence of recklessness was speed, and cites our earlier cases which held speed alone was insufficient to engender a jury question on recklessness. However our more recent holdings have considerably moderated the rule cited by defendant. The change was perhaps most clearly described in Lewis v. Baker, 251 Iowa 1173, 104 N.W.2d 575:

"* * * It is not for us to say whether there was recklessness, but only whether reasonable minds, such as in theory at least are found in our juries, might so conclude. We shall not attempt to analyze or discuss the many cases in which we have dealt with the problem; to do so would require an extensive treatise prohibited by limitations of time and space. It is sufficient to say that among the numerous decisions facts and language can be found which adept counsel can cite in support of either side of almost any case arising under the statute." 251 Iowa at 1176, 104 N.W.2d at 577.

We have frequently quoted the following language from the same opinion:

"We have often said that speed alone is not sufficient evidence of recklessness to engender a jury question. (Citations). But the statement is so hedged about with qualifications that it means little. Whether excessive speed may amount to recklessness depends upon the attendant circumstances; and there are always attendant circumstances. These arise from the condition and width of the highway, of the light conditions, whether the road is straight or curved, the presence or absence of other traffic, and innumerable other facts which arise in and vary from case to case. From these things, coupled with speed, the courts must determine the issue. Speed does not operate in a vacuum; there are always other conditions surrounding it." 251 Iowa at 1178, 104 N.W.2d at 578.

To the same effect see Winkler v. Patten, 175 N.W.2d 126, 129 (Iowa 1970). Reasonable minds might conclude it was reckless for defendant to drive his auto at speeds up to 90 miles per hour in a 50 mile per hour speed zone at night on a road he knew to contain four curves. We find no merit in defendant's first assignment.

II. Defendant's second assignment is addressed to a ruling of the trial court which admitted the expert testimony of a highway patrolman as to speed. Defend-

ant argues there was inadequate foundation, complaining as to the adequacy of the foundation of the witness's qualifications generally and also as to the factual basis for his opinion in this case. The defendant's objection was as follows:

"MR. DE VRIES: Then, Your Honor, based upon the record now, we would object to the question for the reason that it calls for an opinion and conclusion of this witness without proper foundation and the witness is not shown to be qualified to express an opinion in view of the fact that there are not these other circumstances involved which I feel the Supreme Court requires before he can give an opinion. And it would be too speculative and calling for an opinion and conclusion of the witness without the proper foundation or qualification."

The objection was general rather than specific in nature. We adhere to the view expressed in Bengford v. Carlem Corporation, 156 N.W.2d 855, 865 (Iowa 1968).

"The objection to the question 'as calling for an opinion and conclusion of the witness' is essentially worthless standing alone as it fails to call the attention of the trial court to any specific ground for objection. Opinion and conclusion evidence is not inadmissible solely on that ground. Some specific reason for its exclusion must be stated. It is the duty of counsel to point out the particular defect or defects. Here the only specific ground urged was that it 'invades the province of the jury'. That objection is generally not available in Iowa. (Citations).

"The admission of opinion evidence rests largely in the sound discretion of the court and considerable leeway is allowed in this field of evidence for the reason that no matter how the opinion question is phrased or formulated, it remains an opinion which the trier of facts is at liberty to reject. Therefore only in clear cases of abuse would admission of such evidence be found prejudicial. (Citations)."

The objection taken was in no way sufficient to alert the trial court or counsel of the grounds defendant now claims as a basis for reversal. Neither court nor counsel were apprised of any claim that the foundation laid was insufficient to form the basis of an opinion on the question of speed. See also McCormick on Evidence, section 52, page 115 (Second Ed. 1972). Accordingly no error on the ruling was preserved.

III. There is merit in defendant's third assignment. The trial court in its ruling stated in part:

"* * * The court finds that the plaintiff did introduce substantial evidence that defendant was reckless and not merely careless *considering the plaintiff's evidence in the most favorable light as this court must.* * * *." (Emphasis supplied)

Defendant insists this shows an improper application of the burden of proof. Plaintiffs do not deny their burden of proof and agree that in sustaining their burden they are not entitled to have their evidence considered in its most favorable light. They urge, in justification, the language quoted was a reference only to the trial court's function in law matters to consider the evidence in plaintiff's most favorable light in determining whether a jury question has been generated. Rule 344(f)(2), Rules of Civil Procedure.

A similar problem arises in the trial court's conclusions:

"The court concludes *as a matter of law* that the plaintiff has met his burden of proof of recklessness on the part of the defendant." (Emphasis supplied) Of course the plaintiff did not and was not required to meet the burden as a matter of law.

"We are of course bound by the findings of fact of the trial court if they are supported by substantial evidence; it is only when such findings are undisputed or no conflicting inferences may be drawn from them that we may interfere. *We may also*

*find error if the trial court applied erroneous rules of law which materially affected the decision."* (Emphasis supplied) France v. Benter, 256 Iowa 534, 536, 128 N.W.2d 268, 270. See also Werthman v. Catholic Order of Foresters, 257 Iowa 483, 133 N.W.2d 104.

 We are unable to assume the two legal errors did not figure in the trial court's determinations. Therefore the following language from Werthman is appropriate:

"The conclusion is inescapable that the court applied an erroneous standard of care, an erroneous rule of law, in reaching its determination of the liability of the defendants under the facts. It had a right to find the facts; but it weighed them on a faulty scale of law." 257 Iowa 492, 133 N.W.2d at 110.

IV. By reason of the error described in division III the case must be reversed. There remains only a consideration of the proceedings to be ordered upon remand.

"Where, in a case tried by the court without a jury, the trial court errs as to the rule of law to be applied in considering the evidence in making its findings, the appellate court should vacate the findings made and remand the case with directions to reconsider the entire record and make new findings in the light of the applicable rule of law." 5 Am.Jur.2d, Appeal and Error, section 966, page 393.

We have taken the same view. Houlahan v. Brockmeier, 258 Iowa 1197, 141 N.W.2d 545, Supp.Op., 258 Iowa 1205, 141 N.W.2d 924. See also In re Olson's Estate, 227 Minn. 289, 35 N.W.2d 439. The following language from Houlahan v Brockmeier, supra, is equally appropriate here:

"In the instant case there is no reason to believe the parties have not already fully explored the factual situation, and there is little or no cause to believe a new trial would develop additional enlightening or material evidence.

"In fact we are satisfied a new trial would here be nothing more than an idle gesture entailing needless additional expense for both parties, with attendant delay.

"The interests of justice dictate this case be reversed and remanded, and the trial court ordered to make new findings of fact and enter judgment accordingly." 258 Iowa at 1205, 141 N.W.2d at 550.

Affirmed in part, reversed in part and remanded with directions.

All Justices concur except RAWLINGS and McCORMICK, JJ., who concur in the result and REYNOLDSON, J., who takes no part.