**Louise C. PERRY, Appellant,**

v.

**Debbie Kay TENDAL and Lars A. Tendal, Appellees.**

No. 94–1203.

Supreme Court of Iowa.

Sept. 20, 1995.

Rehearing Denied Oct. 25, 1995.

Paul W. Deck, Sioux City, for appellant.

Rene Charles LaPierre of Klass, Hanks, Stoos, Stoik, Mugan & Villone, Sioux City, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

In this single-issue appeal, we must decide whether the district court erred in submitting an imputed negligence instruction to the jury. We think it did and reverse and remand for a new trial.

Louise Perry owned a van. On September 8, 1992, Louise's son, Daniel, borrowed the van from his mother. Daniel hitched the van to a livestock trailer. Daniel then asked Lawrence Stultz, a friend of his parents, to do two errands. Stultz was to (1) drive to Daniel's farm and pick up Daniel's son after school, and then (2) return the trailer to the farmer who owned it.

Stultz agreed to do the errands. Stultz took with him his stepdaughter and another of Daniel's sons. As agreed, Stultz picked up Daniel's other son, Michael, at Daniel's farm. Stultz then drove the van—with the trailer in tow—to the farmer's place.

Stultz dropped off the trailer late in the afternoon. He then headed for Louise's farm. On the way, Stultz was in an accident at the intersection of two county gravel roads. He collided with a station wagon jointly owned by Debbie K. and Lars A. Tendal. Debbie was driving the station wagon. Both vehicles suffered extensive dam-

age. Stultz and the children were injured. Debbie was not.

Louise sued the Tendals. She sought property damage for the destruction of the van.

The Tendals answered, denying liability. Lars, who was not in the station wagon at the time of the accident, cross-petitioned against Stultz. The cross-petition alleged that Stultz's negligence was the proximate cause of the damage to the Tendal vehicle.

The parties tried the case to a jury. Louise objected to the district court's submission of an imputed negligence instruction that allowed the jury to impute the negligence of the driver to the owner of the vehicle. The court overruled her objection and submitted the challenged instruction to the jury.

The jury returned special verdicts, finding Stultz and Debbie both at fault. As a result, the jury awarded damages to none of the parties.

Louise filed a (1) motion for judgment notwithstanding the verdict, and (2) motion for new trial. *See* Iowa R.Civ.P. 243, 244. In both motions, Louise again challenged the district court's submission of the imputed negligence instruction as against her. The court denied both motions.

Louise appealed. On appeal, Louise again contends the district court erred in submitting the imputed negligence instruction as to her.

Our review is for errors at law. Iowa R.App.P. 4.

The district court submitted to the jury Instruction No. 10, which states that "[t]he negligence of the driver of a vehicle is imputed to the owner of a vehicle." Louise says the Tendals presented no evidence to support an imputed negligence instruction as to her. We agree.

Before proceeding to the merits, we think it is instructive to review the Iowa law on imputed negligence in automobile litigation. In *Stuart v. Pilgrim,* 247 Iowa 709, 74 N.W.2d 212 (1956), this court adopted the general rule that the contributory negligence of the consent driver is not imputed to the

owner. So when the owner of a motor vehicle sues to recover injuries to the owner or for damages to the owner's car, in a collision resulting from the negligence of a third party, the contributory negligence of the owner's consent driver cannot be imputed to the owner. The contributory negligence of the owner's consent driver can only be imputed to the owner if there is a showing of some special relationship between the consent driver and the owner. This special relationship includes principal and agent, master and servant, partnership, or joint venture. *Id.* at 715–16, 74 N.W.2d at 216–17. The driver may be the agent or servant of the owner "if the particular trip is in furtherance of the owner's business or for his benefit." *Duffy v. Harden*, 179 N.W.2d 496, 502 (Iowa 1970).

In *Stuart*, the court's rationale for its rule hinged on the interpretation of the owner's liability statute, Iowa Code section 321.493. At the time the legislature enacted section 321.493, "the owner of a motor vehicle who permitted another to drive it when no relation of principal and agent, master and servant, partnership or joint venture existed was ordinarily a mere bailor and being such was not liable for the negligence of his bailee in the operation of the car." *Stuart*, 247 Iowa at 715, 74 N.W.2d at 216. The legislature passed section 321.493 to remedy this situation: "to make the owner of an automobile responsible for the negligence of one to whom he entrusted its operation." *Id.* at 715, 74 N.W.2d at 216.

Having reached this conclusion, the court saw no indication

> that the legislature intended to free a negligent third party who was involved in an accident with the car so driven by consent of its owner from such negligence, even though the consent driver of the first car was also negligent. The language of [section 321.493] clearly goes no farther than to place liability for actionable negligence of the driver upon the owner. The question before us is one of statutory construction. [Section 321.493] says this, and this only: that when damage is done by any car by reason of the negligence of a consent driver, "the owner of the car shall be liable for such damage." [Section 321.493]

applies only when damage has been done by the car, and only to such damage. We have by our decision[s] in ... other cases ... read into [section 321.493] something which is not there; that in addition to being liable for damage caused by the negligent driver of his car, the owner is also bound by the contributory negligence of such driver if [the owner] attempts to recover for injuries to his car or to his person through the negligence of a third party. The statute does not so say, and we are bound by its terms as well as by the rule of reason.... [Section 321.493] does not create a relationship of principal and agent; the owner is not liable because of an agency relation, but because [section 321.493] says so.

*Id.* at 715–16, 74 N.W.2d at 216–17 (citation omitted).

We modified the *Stuart v. Pilgrim* rule in *Phillips v. Foster*, 252 Iowa 1075, 109 N.W.2d 604 (1961). In *Phillips*, this court held that when the owner is present in the motor vehicle at the time of the accident, the owner is presumed to have the right to control the vehicle's operation and so may be chargeable with the consent driver's contributory negligence. *Id.* at 1083, 109 N.W.2d at 608.

Later, this court held the rule in *Phillips* does not apply to a co-owner who is a passenger in a car driven by the other co-owner. *Everhard v. Thompson*, 202 N.W.2d 58, 60–61 (1973). The court did so on the premise that the driver co-owner has as much right to possession and control of the car as does the passenger co-owner. *Id.* at 61.

In *Houlahan v. Brockmeier*, 258 Iowa 1197, 141 N.W.2d 545 (1966), this court held—on stronger facts than those here—that the district court erroneously submitted an imputed negligence instruction against an owner suing for property damage. In *Houlahan*, the plaintiff-owner testified he gave his older son permission to drive his car to Iowa City so that his older son could secure a postoperative checkup and his younger son could keep a dental appointment. The plaintiff-owner also testified that if the older son had not driven then the plaintiff, his wife, or some third person would have taken the

younger son to the dentist because the younger son had no driver's license. *Id.* at 1201, 141 N.W.2d at 548.

We held that as a matter of law this testimony alone created no agency status between the plaintiff and his older son. In so holding, this court said:

> Both boys were living at home, both were going to Iowa City and Thomas was given permission to use the father's automobile in order to make the trip.
>
> The elements essential to an agency relationship between the father and son are totally lacking.
>
> We have held the test of agency is the right to exercise control of the actions and conduct of another. Clearly the father neither retained nor exercised any semblance of right to control the actions and conduct of the son in making the trip to Iowa City.
>
> Where, as in the case at hand, control is relinquished by the car owner to a consent user no agency is created.
>
> In [a] comparable [Wisconsin] case, a son was permitted use of the father's vehicle to transport himself, his mother, sister and another girl to church. There was an accident and the court held no agency relationship existed between father and son because the use-consenting father derived no actual benefit or advantage from the trip.

*Id.* at 1202, 141 N.W.2d at 548 (citations omitted).

This court went on to reason that

> [t]he conclusion reached by the trial court would require a finding that the father is head of the household, his business as such is the health, education, welfare and pleasure of the family, and when any member of the family uses an automobile belonging to the father, for the benefit of the user or any other member of the household, then an agency relationship is created between father and user.
>
> This philosophy has no firm foundation either in law or logic. In effect it would tend to inhibit the natural generosity and desires of a father to provide for the health, welfare and pleasures of his family

by ultimately imposing upon him a universal responsibility for all acts and conduct of his wife and children.

> The theory that all members of a man's family are per se his servants or agents was the fictional genesis of the old family purpose doctrine for which we have had no need since section 321.493 ... was enacted. Furthermore, we find no good cause to now revive it.
>
> Finally on this subject we find not one word of testimony in the case now before us which could reasonably be said to create an agency status between plaintiff and his son Thomas at the time here concerned.
>
> The evidence clearly discloses Thomas was nothing more than a permissive user of his father's car.

*Id.* at 1202–03, 141 N.W.2d at 548–49 (citations omitted). *See also McMartin v. Saemisch,* 254 Iowa 45, 50–52, 116 N.W.2d 491, 494–95 (1962) (evidence that car owned by husband was used for family purposes and that wife had gone to town in the car for groceries does not establish she was such a servant or agent of her husband as to impute her negligence to him) (owner's liability statute, Iowa Code section 321.493, supersedes family purpose doctrine—a doctrine that, before owner's liability statute was enacted, held that a family member operating a car owned in the family was the agent of the owner).

The *Stuart* rule is alive and well under Iowa Code chapter 668, our comparative fault law. In *Lanz v. Pearson,* 475 N.W.2d 601, 606 (Iowa 1991), we held that the comparative fault of a consent driver is not imputable to the owner. We revisited *Stuart* and concluded that our holding in *Stuart* "was not abrogated by and does not conflict with Iowa's comparative fault statute." *Id.*

With this background, we turn to the merits. Here the record is devoid of any evidence that Stultz undertook an errand for Louise. The errands that Stultz did undertake were for the benefit of David.

In addition, there is no evidence that Louise knew Stultz was driving the van at Daniel's request. Admittedly, Daniel had her permission and consent to drive the van,

but at the time of the accident, she knew nothing about Stultz's trip.

When Louise gave consent to Daniel to use the van, she relinquished any right to exercise control over the actions of Stultz in driving the van. She derived no actual benefit or advantage from the trip.

At most, Stultz was a permissive user of the van. This permissive use, however, did not elevate Stultz's status to that of Louise's agent or servant.

In short, there was not sufficient record evidence to submit Instruction No. 10—imputing the negligence of the driver to the owner—as to Louise. The district court committed reversible error in doing so. So we reverse and remand for a new trial.

**REVERSED AND REMANDED.**